## CHANDLER V. KENNEDY.

1. As the statute allows parties to waive findings by the court, a waiver will be presumed, unless the fact of nonwaiver is shown by the record.

2. A bill of exceptions or statement on motion for a new trial, used on appeal, must specify the particular grounds upon which the moving and appealing party will rely.

3. This being the express requirement of the statute, it is not sufficient that such specifications of errors of law, or particulars in which the evidence is insufficient, be contained in the notice of intention, or elsewhere, except when the motion for new trial is made upon the minutes of the court.

4. Section 1, Chap. 16, Laws 1889, providing "that any provision contained in any note, bond, mortgage or other evidence of debt for the payment

of an attorney fee in case of default in payment or of proceedings had to collect such note, bond or evidence of debt or to foreclose such mortgage is hereby declared to be against public policy and void," a stipulation for attorney's fee in an otherwise negotiable note cannot have the effect of destroying its negotiability.

5. The note in suit is *held* to be negotiable, whether regarded as an Iowa or a South Dakota contract.

(Syllabus by the Court.   Opinion filed Dec. 12, 1895.)

Appeal from circuit court, Lincoln county.   Hon. JOSEPH W. JONES, Judge.

Action on a note.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

The facts are stated in the opinion.

*C. B. Kennedy*, for appellant.

The courts of a state will follow its own precedents in the expounding of the general common law applicable to commercial transactions.   Faulkner v. Hart, 82 N. Y. 413; Swift v. Tyson, 41 U. S. 16; Oats v. Bank, 100 *Id.* 239; Ray v. Peru, 138 Pa. 576.

*Aikens & Brown*, for respondent.

A note is executed at the place where it is delivered in consumating the bargain, although written, signed or dated elsewhere.   Freese v. Brownell, 35 N. J. L. 286; Campbell v. Nichols, 33 N. J. L. 81; Overton v. Bolton, 9 Heisk 762; Gay v. Rainey, 89 Ill. 221; Lawrence v. Bassett, 5 Allen 140; Hart v. Willis, 52 Ia. 56; Cook v. Moffatt, 5 How. 295; Hyde v. Goodnow, 3 Conn. 266; Dans v. Coleman, 7 Ired. 424; 1 Daniel Neg. Inst. § 868; Comp. Laws, § 3546; Andrews v. Pond, 13 Pet. 77; Thompson v. Ketchum, 4 Johns, 285; 2 Parsons Notes and Bills, 324.

The *lex loci contractus* governs as to the validity of defenses to a promissory note.   Story on Bills, § 143; Wall v. Roberts, 3 Esp. 163; 2 Parson Notes and Bills, 350; Seawright v. Callright, 4 Dall. 32; Warder v. Ariel, 2 Wash. 282; Ogden v. Saunders, 12 Wheat. 213; Bartsch v. Atwater, 1 Conn. 40 Vancleef v. Therasson, 3 Pick. 12; Ward v. Howe, 38 N. H. 4[2];

Very v. McHenry, 29 M. E. 214; Hicks v. Brown, 12 Johns 142; Watson v. Brewster, 7 Pa. St. 381; Burchard v. Dunbar, 82 Ill. 450. Whether or not one is a *bona fide* holder is determined by the *lex loci contractus.* Allen v. Bratten, 47 Miss. 129; Woodruff v. Hill, 116 Mass. 310; Stevens v. Gregg, 12 S. W. 775; 1 Daniel Neg. Inst. § 310. The contract of endorsement is governed by the law of the place where the endorsement is made irrespective of the place where suit is brought to enforce it. Mucsen v. Lake, 3 How. 262; Cook v. Litchfield, 5 Seld. 280; Lee v. Selleck, 33 N. J. 615; Hyde v. Goodnow, 3 Coms. 270; Williams v. Wade, 1 Mich. 82; Dow v. Rowell, 12 N. H. 29; Dundos v. Bowler, 3 McLean, 400; Aymar v. Sheldon, 12 Wend. 443; Slocun v. Pomeroy, 6 Crouch, 221; National v. Green, 33 Ia. 140; Trobue v. Short, 18 La. Ann. 257; Trotman v. Cullen, 5 Black. 240; Greathead v. Walton, 40 Conn. 226; Clanton v. Barnes, 50 Ala. 403; Edw. Bills 185; 1 Daniel Neg. Instr. § 899.

KELLAM, J. This is an action brought by respondent, as plaintiff, against the appellant, upon a promissory note made by him to W. L. White, and by him indorsed before maturity to the respondent. Appellant admitted the making of the note, but set up an affirmative defense. It being obvious that the admissibility of such defense depended upon whether the note was negotiable or not, the attention of the trial court was first directed to that question, and, having determined that the note was negotiable, ruled out the affirmative defense, and rendered judgment against the appellant. From such judgment, and an order refusing a motion for a new trial, this appeal is taken.

The note was dated and payable at Sioux City, Iowa, and though actually signed by appellant at Canton, S. D., was by him sent to Sioux City, to be delivered to the payee, if the title to the land for which it was given in part payment should be found satisfactory to appellant; and it was afterwards, by direction of appellant, delivered to the payee, at Sioux City, so that there can be little doubt that it should be treated as an Iowa contract.

Respondent objects, at the outset, that the record does not entitle appellant to a review of the errors assigned, for the reason that the bill of exceptions contains no specification of either the errors of law occurring at the trial, upon which the party will rely, or the particulars in which he claims the evidence was insufficient to sustain the decision of the court. Appellant, on the other hand, insists that the judgment must be reversed because the trial court made no findings of fact. It was entirely competent for the parties to waive findings. Comp. Laws, Sec. 5068. If findings were waived, it was not error to render judgment without them. Hence, to show error, it must affirmatively appear that they were not waived. Every presumption goes to sustain the judgment, and it has often been held, under the same provisions as ours, that, unless the record shows that there was no waiver, it will be presumed there was. Smith v. Lawrence, 53 Cal. 34; Mulcahy v. Glazier 51 Cal. 626; Carr v. Cronan, 54 Cal. 600; Reynolds v. Brumagin, *Id.* 254. But appellant insists that this is not a case of no findings, which might be cured by the presumption of waiver, but a case in which the court did file what it called ''findings,'' but which are not so in fact, thus forbidding resort to the presumption that findings were waived. He says in his brief that his abstract shows that ''the court made and filed the following as its findings of fact and conclusions of law, no other finding of fact or conclusion of law being made by the court.'' This is a slightly incorrect recital of what the abstract states. The abstract says: ''The court made and filed the following as its findings and judgment, no other finding of fact or conclusion of law being made by the court.'' Looking now to the finding referred to. it appears that the court did not assume to find any fact. It says, after reciting the submission of the case, ''now finds (there being no dispute as to the facts), as conclusion of law, that,'' etc.; thus expressly negataving the thought that this was intended as, or to take the place of, a finding of fact. It is expressly stated that the finding is of the law, and not of

the facts. In the absence of a showing to the contrary, we think the presumption attaches that findings of fact were waived.

As to respondent's objection that the bill of exceptions contains no specification of "the particular errors of law upon which the parties will rely," or the particulars in which the evidence is alleged to be insufficient, it would seem that a reference to the statute itself ought to be sufficient. Its requirement in this respect seems exceedingly clear and perspicuous, and yet a good many cases come here in which this rule of the statute is entirely ignored. This provision was not intended as a mere suggestion of what would be a good and proper way in which to make such record, but was intended to, and does very expressly, prescribe the way in which it must be done, and declares that unless it is so done the bill of exceptions or statement shall be disregarded. The requirement is not an arbitrary or formal one, but an essential element of the statutory plan for making a record for the review of a case. During the progress of a trial it generally occurs that exceptions are taken, which, upon more mature reflection, the exceptor himself does not regard as tenable, and upon which he would not rely on a review of the case. In his proposed bill of exceptions or statement, he puts in only so much of the evidence or other matters as is necessary to explain the exceptions upon which he intends to rely. Unless he therein specify the particular errors which he intends to urge and rely upon, and the particulars in which he claims the evidence is insufficient, the adverse party is unable intelligently to prepare amendments. He is entitled to be advised of what particular points will be urged as error, so that he may judge for himself whether the proposed bill or statement does present so much of the evidence as is necessary to explain the exceptions to be relied upon, or to sustain the verdict or decision of the court. The trial judge is also an interested party. He is to settle the bill or statement upon which his rulings will be sustained or reversed. He, too, is entitled

to the information which the specifications only can give him, so that he may see that the bill or statement which he settles presents all, and just, the evidence or matters upon which he ruled, and which influenced his decision. His interest and rights in this respect are different from and independent of the parties litigant, and cannot be foreclosed by any action or agreement of theirs. The statute puts a further duty upon him, in the interest not only of the parties, but of the reviewing court. It requires him to strike out from the bill or statement "all redundant and useless matter, so that the exceptions may be presented as briefly as possible." Comp. Laws. Sec. 5083. The statute not only contemplates, but expressly requires, these specifications to be in the bill or statement, and the reason for it is obvious and substantial. To put the specification into the notice of intention, or into the motion for a new trial, except when the motion is upon the minutes of the court, is not sufficient, for several reasons. In the first place, the command of the statute is distinctly otherwise, and the statute controls both the parties and the court. The notice of intention, except when the notice is upon the minutes of the court, is only required to state generally "the statutory grounds upon which the motion will be made." Comp. Laws, Sec. 5090. More than this is entirely gratuitous upon the part of the mover. While a specification of the errors relied upon, and the particulars of the insufficiency of the evidence, if placed in the notice of intention, might inform the adverse party, it would convey no information to the judge, nor help him at all in the settlement of the bill or statement; a matter involving personal interests, which he has a right legitimately to protect, and a statutory duty, which he is required to discharge. The failure to insert in the bill or statement the particular points on which the party will rely is not covered by inserting such points in the notice of intention, or in the notice of motion for a new trial. Ferrer v. Insurance Co., 47 Cal. 416. The statute does not direct where in the bill or statement these specifica-

tions shall appear, but, from the nature and purpose, the practice of including them in a statement in the nature of an assignment of errors at the end of the bill or statement proper seems most desirable.

We have gone over this ground thus fully, not expecting to present anything new, but hoping that a reminder of this sort may lead to a more careful observance of the rules of the statute as to the manner of making up a record for review—a record upon which the reviewing court may fairly and justly consider the merits of the controversy, without first being obliged to resort to some artful and ingenious excuse for treating as a good record what the statute does not recognize as such. In this case the appellant claims that as the motion for a new trial did contain the necessary specifications, and was presented to the court at the same time the bill of exceptions was presented to the judge for settlement, the purpose of the statute is fully accomplished. Perhaps the abstract was intended to so show. It says, "The bill of exceptions was settled by stipulation of the parties as being correct, and the motion for a new trial was also submitted by stipulation on the 30th day of January, 1895, and on that day the court made the following order denying the motion." Reading this language to mean that the motion for a new trial and the bill of exceptions were presented to the judge at the same time, it would not meet the requirements of the statute that the bill of exceptions shall contain the specifications. The statute is so plain, and to follow it is so easy, that both court and bar should discourage any material departure from it.

But passing what we think is a serious defect in the record, without meaning it as an indication that we will continue to do so in the future, we will notice the merits of the controversy. It is agreed by both sides that the real and only question in the case is whether the trial court should have treated the note sued upon as negotiable; for, if so, it passed to the plaintiff as an innocent holder, against whom, in an action on

the note, the defense pleaded by the defendant was not available. If it is not negotiable, it is because of the following pro- vision in the note: "And agree to pay a reasonable attorney's fee in case suit is brought to collect this note." This note was either a South Dakota contract, or an Iowa contract. If the former the stipulation was void and inoperative, by force of Sec. 1, Chap. 16, Laws 1889, which reads: "That any provi- sion contained in any note, bond, mortgage or other evidence of debt for the payment of an attorney fee in case of default in payment or of proceedings had to collect such note, bond or evidence of debt or to foreclose such mortgage is hereby de- clared to be against public policy and void." If such stipula- tion was void, it was of no effect, and the note was the same, in legal effect, as though the provision were not there. An in- dependent, separable stipulation in a contract, which the law declares is void, and which the parties are charged with know- ing would be void if attempted, cannot have the very sustan- tial effect of entirely changing the character of the contract in which it is inserted. "Void" means "of no legal force," "of no effect whatever." And. Law Dict. "Of no legal force or effect whatever." Webst. Dict. But suppose, as we think is correct, the note should be regarded as an Iowa contract; what is the effect of this stipulation, when the contract is sought to be enforced in this state? Generally a contract will be inter- preted according to the law of the place where made and to be performed. In Iowa this note would be negotiable, for there the agreement to pay attorney's fees would not destroy its ne- gotiability. Sperry v. Horr, 32 Iowa, 184; Bank v. Marsh (Iowa) 56 N. W. 458. But appellant argues that here, where the contract is sought to be enforced, the law is otherwise— that is the note is not negotiable—and that as to the remedy, to wit, the right to interpose his defense, depending upon the negotiability or nonnegotiability of the note, the law of the forum must control. He bases his conclusion that this note is nonnegotiable upon Garretson v. Purdy, 3 Dak. 178, 14 N. W.

100, and Hegelér v. Comstock, 1 S. D. 138, 45 N. W. 331. The first of these cases was decided by the territorial court, before Chap. 16 of 1889 became the law of this state, and while the provision for attorney's fees was an effectual stipulation. The other turned upon provisions relating to interest only. It is perhaps true that, but for said Chap. 16, we should feel obliged to recognize the principle that controlled the Hegeler-Comstock case as ruling this, and hold that the stipulation providing for attorney's fees uncertain in amount destroyed the certainty of the note, and so its negotiability; but the legislature, which made the laws for both court and litigants, has expressly enacted that such provision is against public policy and is void, and, as already stated, we must treat it so. That provision being void, the note is not affected by it, and is negotiable. The conclusion is that the note was negotiable both in Iowa, where it was made, and in this state, where it was sought to be enforced. This being so, appellant's defense was not available against it, in the hands of an innocent holder for value. The judgment of the circuit court is affirmed. All concur.