## STRINGER *et al. v.* GOLDEN GATE MINING & MILLING CO.

By contract between plaintiffs and defendant, plaintiffs were to run a tunnel for defendant, and it was agreed that defendant would remove waste rock from the drift, so that plaintiffs would not be hindered in the work. In an action by plaintiffs for damages for breach of the contract, consisting, among other things, of the fact that defendant had not removed the waste rock as agreed, plaintiffs' counsel asked one of the plaintiffs if, while the work was going on, he and the other plaintiff lost any time by the failure to remove the waste, and the court overruled defendant's objection, made on the ground that plaintiffs could claim no damages for lost time unless they showed they were able to procure other employment. *Held* that, as the question raised related merely to the order of proof, a abuse of discretion with referecce thereto would not be presumed, and the overruling of the defendant's objection was not ground for reversal.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Lawrence county. Hon. JULIAN BENNETT, Judge.

Action by Thaddeus Stringer and others against the Golden Gate Mining & Milling Company. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Martin & Mason,* for appellant.

The measure of damages where an employer refuses to permit an employee to proceed under a contract for specific work at an agreed price, is the difference, if any, in favor of the employee, between the stipulated price and the cost of completing the work as per contract, including in such cost the value of the employee's own labor. Jewett v Wilmot, 71 N. W. 775; U. S. v. Speed, 8 Wall, 77; U. S. v. Behan. 110 U. S. 338; Watson v. Brick, 28 Pac. 527; Nelson v. Morse, 52 Wis. 240; Nash v. Hoxie, 59 Wis. 384; Corbett v. Anderson, 54 N. W. 727; Railroad v. Stewart, 29 Atl. 964; Hutt v. Hickey, 29 Atl. 456; Glaspie v. Glosgost, 28 Minn. 138; Selberstein v. Duluth, 71 N. W. 622; Atkinson v. Morse, 63 Mich. 276; Scheible v. Klein, 50 N. W. 857; Baker v. Merchants, 42 N. Y. S. 76; O'Connell v. Hotel, 90 Cal. 515; Wolf v. Studebaker, 65 Pa. St. 459; 2 Greenleaf Ev. Sec. 261; 8 Am. & Eng. Ency. (2d Ed.) pp. 622-3.

An account settled cannot be opened if it appears that the plaintiff was aware at the time of the settlement of the facts on which he bases his claim to relief. Quinlan v. Keiser, 66 Mo. 603; Marrion v. Waller, 53 Mo. App. 610; Luerville v. Del. Co. 130 Ind. 210; 1 Am. & Eng. Ency. Law (1st Ed.) p. 109 (2nd Ed.) p. 453; McDaniels v. Lapham, 21 Vt. 235; Poach v. Gilmer, 4 Pac. 223; Davenport v. Wheeler, 7 Cow. 231; Pynchon v. Day, 118 Ill. 9.

*McLaughlin & McLaughlin,* for respondents.

The objection that a proper foundation has not been laid for the introduction of evidence without specifying the particulars in which it is defective, is bad. Tanderup v. Hansen, 8 S.

D. 374; Mining Co. v. Noonan. 3 Dak. 189; Agricultural Works
v. Young, 6 S. D. 564; Kidder v. Kimbal, 10 Cal. 268; 3 Waits
Proc. 206; Tooley v. Bacon, 70 N. Y. 37; Levin v. Russell, 42
N. Y. 251; Williams v. Sargent, 46 N. Y. 181; Bell v. Meagher
104 U. S. 288; Braly v. Reece. 51 Cal. 447; Manufacturing Co.
v. Brown, 9 How. Pr. 27; Knapp v. Schneider, 24 Wis. 70; Bur-
ton v. Dreggs, 20 Wall. 125; City v. Bittel, 30 Wis. 614; Budge
v. Geisse, 38 N. J. L. 39; Merrett v. Seaman, 6 N. Y. 168; Coon
v. Railroad, 5 N. Y. 492.

FULLER, P. J, This appeal is from a judgment entered
on a verdict of $40.25 in favor of plaintiffs on account of certain
labor performed, together with damages arising from a breach
of contract with reference to the excavation of a tunnel in one
of the defendant's group of mines. The complaint, which was
controverted by a general denial and payment in full upon an
account stated, is as follows: "That on or about the 29th day
of August, 1898, the said plaintiffs made and entered into a
contract with the said defendant whereby said plaintiffs agreed
to run a tunnel for a distance of fifty (50) feet at the agreed
price of four ($4.00) dollars per foot. That the said defendant,
agreed with said plaintiffs that said plaintiffs might run said
tunnel fifty (50) feet. That the said defendant, before the com-
pletion of said contract, unlawfully made a breach thereof, and
compelled plaintiffs to stop said tunnel when it had been run
forty-two (42) feet. That by reason thereof said plaintiffs
have been damaged in the sum of thirty-two ($32.00) dollars.
That at the time of making said contract said defendant also
agreed with plaintiffs that it would remove the waste rock from
the work, so that plaintiffs would not be impeded or delayed in

the running of said tunnel. That said defendant unlawfully violated the condition of said agreement, and delayed said plaintiffs by a failure to remove waste rock as it was broken by plaintiffs to their damage in the sum of thirty-five ($35.00) dollars. That during the running of said tunnel said plaintiffs performed work and labor outside of the contract for said defendant, at its special instance and request, which was of the reasonable value of twenty-eight ($28.00) dollars. Wherefore plaintiffs pray judgment against said defendant for the sum of ninety-five ($95.00) dollars, with interest thereon since the 9th day of October, 1898." At the conclusion of all the testimony, to which no objection available in this court had been offered, appellant requested the court to direct a verdict in its favor as to the cause of action for lost time, for the reason that it constitutes no element of damage; also as to the cause of action arising from the breach of contract in not allowing plaintiff to complete the tunnel, for the reason that there is no legal evidence upon which damages can be predicated; and as to the cause of action to recover for the eight days extra work, for the reason that the evidence shows a settlement in full therefor, as well as for all other damages alleged in the complaint, and sought to be recovered by this action. This request was denied, and the questions thus raised were presented to the court as reasons for the granting of a new trial, together with the additional point that "the court erred in overruling defendant's objection to question 31 in the direct examination of plaintiff Tuttle on his main case." What testimony the record discloses is in narrative form, with the exception of question No. 21, which, with the objection thereto, is as follows: "Q. 21. During the time you were there, you may state if you and

Mr. Stringer lost any time by reason of the failure of the defendant to remove the waste, etc., from the face of the drift. (Objected to by defendant for the reason that on their own theory plaintiffs can claim no damages for lost time, unless they show they were able to procure employment somewhere else; otherwise, they are not damaged. Overruled, and defendant excepted.)'' While it would not be presumed, for the purpose of a reversal, that the foregoing question was meant, and the objection thereto relied upon, neither of which is set out at length in the motion for a new trial or the assignments of error, we will assume such to be the case, and dispose of the matter, although the attention of the trial court was not sufficiently directed to the point. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439. It will be noticed that the objection concedes the pertinence of the question if plaintiffs can "show they were able to procure employment somewhere else," and, as the question relates only to the order of proof, an abuse of discretion with reference thereto will not be presumed. 3 Jones, Ev. 811; 1 Rice, Ev. 496. As a beginning must be made somewhere, the court may allow reasonable latitude as to the order in which essential details may be brought forward, and it will be presumed, upon the record as presented, that the omitted fact, if relevant, was established. No available objection was made or exception saved which presents a question as to the theory upon which damages were estimated; and the conflicting testimony relative thereto, as well as that pertaining to the alleged settlement, which was substantially disputed by two witnesses, fully justifies the ruling of the trial court on the motion to direct a verdict. We find nothing in the record to warrant a reversal, and the judgment appealed from is affirmed.