## EDMUNDS v. INMAN.

An assignment that the court erred in making the amended judgment appealed from is wholly insufficient to direct the Supreme Court to the particular error complained of.

Counsel cannot even by stipulation give to the Supreme Court jurisdiction to pass upon a question not raised by proper exception below.

There is nothing to show whether an exception went to the insufficiency of the contents of a certain exhibit or to its competency, where the record only states that appellant excepted.

An exception without a previous objection is a nullity.

Records, minutes, or memoranda even of the court are competent evidence upon a motion to amend a judgment.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Clay County. Hon. E. G. SMITH, Judge.

Action by William H. Edmunds against W. H. Inman. From an amended judgment for defendant, plaintiff appeals. Affirmed.

*C. H. Dillon* and *R. B. Tripp,* for appellant.  *French &* *Orvis,* for respondent.

WHITING, P. J.  This matter comes before the court upon an appeal from an amended judgment rendered by the trial court. It appears that this cause was tried before the lower court in the year 1906, and findings of fact and conclusions of law were made and entered and a judgment entered thereon.  On the 25th day of May, 1907, the defendant, through his counsel, brought on for hearing before the trial court a motion asking such court to amend the judgment entered therein to conform to the real judgment of the court as rendered.  It further appears that this motion was supported by affidavits and some of the records in this cause, and was resisted by affidavits filed on behalf of the plaintiff.  The motion was granted, and an amended judgment ordered entered nunc pro tunc, to which an exception was taken by the plaintiff.

As we have noted above, the appeal herein is from the amended judgment, and does not purport to be from the order allowing the motion to amend.  The only assignment of error to be found in the record is the following: "And the appellant herein says there is manifest error on the face of the record, in this:  The court erred in making and entering the amended judgment herein appealed from."  It will be noted that in this assignment of error there is no reference whatever to the grounds upon which it is claimed the court erred in entering such amended judgment.  It might be because the appellant believes that at the time the amendment was allowed the court was without jurisdiction; it might be because the findings of fact made by the court were insufficient to sustain the amended judgment; it might be because the pleadings were insufficcient to support such a judgment; it might be because the evidence received on the motion to amend judgment was immaterial and insufficient to justify the amendment; or it might be that the evidence re-

ceived by the court on motion to amend judgment was incompetent. Various other reasons might have been in the minds of the appellant in making such an assignment of error. Clearly it is wholly insufficient to direct this court to any particular error complained of.

It might be claimed, however, that, regardless of the insufficiency of the record in this court as shown by the abstract, yet that the respondent has waived the same by joining in a discussion of an error complained of by appellant in his brief. The appellant in his brief claims that the court received incompetent evidence in support of the motion to amend the judgment, and the respondent has met this claim in his brief. It must, however, be conceded that, even if counsel for the respondent by his brief can waive a specific assignment of error (and upon this question we advance no opinion), yet counsel cannot, even by stipulation, give to this court the right or jurisdiction to pass upon a question not raised by proper exception in the lower court.

The following is all of the record herein material to this point: "Thereafter counsel for defendant Inman served the attached notice and affidavits by French & Orvis, which are annexed hereto marked Exhibits 'A' and 'B,' respectively, and made parts hereof; that in opposition to said motion the plaintiff Edmunds submitted the affidavits of C. H. Dillon and R. B. Tripp, hereto attached, marked 'Exhibit C,' and made a part thereof; that the said motion was heard upon the affidavits above referred to, the defendant Inman's answer and judgment of foreclosure referred to in the notice of motion and found in the judgment roll, and 'the sheriff's report of sale' referred to in the affidavits of said Dillon and Tripp which is hereto attached marked 'Exhibit D,' and made a part hereof, and now appears of record herein, to which the plaintiff Edmunds excepted, and his exception was allowed by the court. Settled by agreement of counsel and allowed by the court." Upon the face of this record it would appear that appellant excepted to the receipt in evidence of Exhibit D; but conceding, for the purpose hereof, that the language above was susceptible of an interpretation

un ler which the word "excepted" refers back to all that comes before, and even construing it to show that the exception was directed to the receipt of the evidence, even then there would be absolutely nothing to show whether the exception went to the question of insufficiency of the contents of the same or to the competency of same. Moreover, it will appear that no objection whatever was taken to the receipt in evidence of the affidavits and other matters submitted, and certainly an exception without a previous objection is a nullity. Furthermore, if the language herein contained could by any possibility be so construed as to show that an objection was interposed, then such objection was directed, not to the receipt of the affidavits alone, but to the receipts of the affidavits together with certain records of the court, and while, under the authorities, there is a conflict as to whether or not a court may receive affidavits in support of a motion to amend a judgment, yet the authorities all agree that records, minutes, or memorandums even of the court are always competent evidence to be received upon motion to amend judgment.

There being therefore no sufficient record herein to bring before the court the alleged error discussed in the briefs herein, or to bring before the court any error whatsoever, it is the judgment and order of this court that the amended judgment be, and the same is, affirmed.

SMITH, J., took no part in this decision.