HAMANN, Appellant, v. EGAN, Respondent.

(184 N. W. 236.)

(File No. 4897.    Opinion filed August 31, 1921.)

1.  **Appeals—Error—Findings, Insufficiency of Evidence—Other Findings Unrequested, Questions Re Findings Made, Immaterial.**

    There being no record of any request for findings below, or any error assigned because of failure to make findings on matters not covered by those made, question as to what court might have found is immaterial on appeal.

2.  **Contracts—Rescission of Realty Exchange, For Fraud—Failure to Fully Execute Fair Contract, Non-evidence of Fraud.**

    In a suit seeking rescission of an exchange of realty, on ground of fraud, held, there was no evidence to support such charge; the fact that respondent had not fully carried out terms of a fair contract being no evidence of fraud. So held, where respondent was to pay appellant $4500 as difference in values of the lands exchanged, taking appellant's land subject to $20,000 incumbrance, the cash difference to be applied in part to pay all excess of $20,000 against appellant's land, nearly half of which payment was so applied.

3.  **Same—Right to Withhold Part of Cash Difference to Cover Contingent Cloud on Title.**

    The fact that trial court found against the charge of fraud and in respondent's favor justified him in withholding a balance of the $4500 cash difference, in view of the fact that title to the land received by him was clouded by two lis pendens, there being alleged liens against the land in a sum exceeding said balance; this notwithstanding it appeared on but not before trial that judgment on one of the lis pendens had been paid, since an open question still existed as to whether judgment in the other action was a lien on the land.

Appeal from Circuit Court, Minnehaha County.  Hon JOHN T. MEDIN, Judge.

Action by Ida Hamann, against George W. Egan, for rescission of an exchange of real estate.  From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.  Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(2)  To point two of the opinion, Respondent cited:  9 Corpus Juris, 1180; Roy v. Mining Co., 21 S. D. 180.

WHITING, J.   Plaintiff seeks the rescission of an exchange of real estate.  Findings and judgment of the circuit court were

for defendant, and plaintiff has appealed from the judgment and an order denying a new trial.

[1]  The only thing assigned by appellant as ground for reversal is the insufficiency of the evidence to support certain of the findings.  Much of appellant's argument is based on facts which she maintains the evidence supports.  There being no record of any request for findings or any error assigned because of failure of trial court to make findings on matters not covered by the findings made, we are not concerned with what the court might have found.

[2, 3]  The only ground for rescission alleged in appellant's complaint was fraud.  The trial court found against appellant on this ground, and rightfully, as there was not a scintilla of evidence to support such charge.  The most that could be claimed by appellant was that respondent had not fully carried out the terms of a contract fairly entered into.  Respondent was to receive appellant's land subject to $20,000 incumbrance.  He was to pay appellant's $4,500 as the agreed difference in values of lands, but from this $4,500 he was to pay off all excess of $20,000 that there might be against the land he received.  He has paid $2,238.22, which the court found applicable on the $4,500.  Only a small part of this $2,238.22 is questioned by appellant.  The evidence fully sustains the court's finding.  The court also found that there was mortgage incumbrance of $20,701.60 still against the land.  This would leave $701.60 to be deducted from the balance due appellant.  We are of the opinion that $200, of this $701.60 is not chargeable against appellant, and that the trial court erred to this extent; but such error would not alter appellant's rights in this action.  That which the trial court rightfully found justified respondent in withholding the balance of the $4,500.00 was the fact that the title to the land received by him was beclouded by two lis pendens representing alleged liens against the land in a sum far in excess of the said balance..  It appeared, upon the trial, but not before, that the judgment in one of the actions in which the lis pendens were issued had been paid; but it remained, as yet, an open question as to whether the judgment in the other action was a lien upon such land.  Such judgment was for over $3,000.  Respondent was fully warranted

in retaining the balance of the $4.500 to pay off the $501.60 mortgage incumbrance, and to protect himself against the above-mentioned judgment, especially as it appeared that he had brought an action to determine whether such judgment constituted a lien on the land.

The judgment and order appealed from are affirmed.