Re Guardianship MOULTON.

HINES, Administrator of Veterans' Affairs, Appellant, v. MOULTON, Respondent.

(261 N. W. 666.)

(File No. 7781.   Opinion filed June 25, 1935.)

*John A. Scotney,* of Sioux Falls, for Appellant.

*J. W. Jackson,* of Kennebec (*H. R. Jackson,* of Onida, on the brief), for Respondent.

CAMPBELL, J.   Albert E. Moulton is an insane World War veteran receiving a compensation allowance from the United States Government of some $45 per month.   Leonard N. Moulton was appointed as guardian of the incompetent by the county court of Lyman county, S. D., on August 7, 1926, and continued in such capacity until his death on August 8, 1933.   During that period he made to the county court, and the county court approved, annual reports of his acts and doings as said guardian, the seventh and last annual report being made in October, 1932.   Upon the death of Leonard N. Moulton, Jesse W. Moulton became guardian of the incompetent, and on November 13, 1933, Jesse W. Moulton purported to make to the county court of Lyman county, S. D., a final report and accounting for and in behalf of the deceased guardian, Leonard N. Moulton.

The Security State Bank of Winner closed for liquidation on April 17, 1930, and the Commercial State Bank of Kennebec on August 4, 1931. From the final account filed by Jesse W. Moulton in behalf of his predecessor Leonard N. Moulton, it appears that the said Leonard N. Moulton, as guardian, had on

deposit in the Winner bank at the time it closed the sum of $130.82. It appears also that he had funds of his ward on deposit in the Kennebec bank at the time it closed in the form of three time certificates aggregating $1,155.06 and an open checking account in the amount of $1,737.94. For these amounts thus lost by these two bank failures (less such dividends, if any, as the banks in liquidation may have paid), credit was asked in the guardian's account. Appellant, the duly appointed, qualified, and acting Administrator of Veterans' Affairs (Act Cong. July 3, 1930, c. 863, § 2, 46 Stat. 1016 [38 USCA § 11a]), appeared in the county court and objected to the allowance of the foregoing credits claimed in behalf of the guardian. His objections were overruled by the county court, and the guardian's account approved and allowed. The Administrator of Veterans' Affairs thereupon appealed from such order of the county court to the circuit court in and for Lyman county, where the matter was tried de novo and the judgment of the county court was, in substance, affirmed, findings and conclusions being filed and judgment entered approving and allowing the report made in behalf of the guardian. From this judgment (and from the judgment only), the Administrator of Veterans' Affairs has now appealed to this court.

We note that the deceased guardian, Leonard N. Moulton, is named as a party respondent in addition to Jesse W. Moulton, who rendered the account in his behalf. Of course a decedent cannot be made a party to litigation. The name of Leonard N. Moulton will therefore be regarded as surplusage and stricken from the record.

■ ˙Appellant has endeavored to make four assignments of error. The first is the insufficiency of the evidence to sustain certain findings. That the sufficiency of the evidence to support the findings cannot be reviewed on appeal from the judgment only is too well established in our practice to require citation of authorities.

■ The second and third assignments are that the evidence is insufficient to justify and sustain the first and second conclusions of law. If the conclusions of law are in truth conclusions of law, they must rest for their validity upon the findings of fact, and no such claim of error is known to our practice as that the evidence

does not sustain the conclusions of law. If the conclusions of law, though so denominated, are in truth findings of fact, then the sufficiency of the evidence to support them cannot be reviewed on appeal from the judgment only, and the second and third assignments of error are in like case as the first.

The only assignment of error made by appellant that by any possibility presents anything to this court for review upon this kind of a record is a portion of the fourth assignment to the effect "that the judgment is not sustained by any competent finding of fact."

The trial court found, inter alia, as follows:

"11. The Court finds that the guardian administered the trust honestly and made no personal appropriation of the trust funds.

"12. The Court finds no evidence of knowledge on the part of the guardian that either bank in which trust funds were placed was in danger of insolvency.

"13. The Court takes judicial notice and finds that during the time the funds were in the hands of the guardian have been times of depression and that securities available for investment were not free from uncertainty."

And as a conclusion of law, the court said in part: "The Court is not able to say that the funds in the hands of the guardian or any particular part of them could and should have been invested in securities so as to make the guardian personally liable for not so investing them."

We think the statement last quoted is in truth a finding of ultimate fact upon the issues involved, and it is none the less a finding of fact, even though stated as a conclusion of law. Dodson v. Crocker (1906) 20 S. D. 312, 105 N. W. 929; State ex rel Parsons v. Kaufman (1927) 50 S. D. 645, 211 N. W. 691. We are of the opinion that the findings of fact are sufficient upon their face to support a judgment allowing credit in behalf of the deceased guardian for these deposit items under the rules deducible from the two opinions in Mumford v. Rood (1915) 36 S. D. 80, 153 N. W. 921, and Id. (1917) 39 S. D. 276, 164 N. W. 75. In the absence of any exception to the findings or request for other find-

ings, we think the court has sufficiently found that conditions were such as to justify the guardian in the course pursued.

What Appellant really endeavors to do upon this appeal is to present the argument that the evidence (as contradistinguished from the findings) does not support the judgment. In other words, appellant takes the position that the evidence justified and required findings which, if made, would have been inconsistent with the judgment rendered. So far as the record before us is concerned, however, a judgment has been entered which is consistent with and supported by the findings made. If appellant deemed the findings made erroneous, he should have excepted thereto, and if he deemed other findings necessary, he should have prepared and presented them to the court, taking an exception if they were refused, and the matter should then have been presented in the court below upon motion for new trial and appeal taken accordingly, if necessary. See Merchants' Nt. Bank v. McKinney (1893) 4 S. D. 226, 55 N. W. 929; N. W. Elevator Co. v. Lee (1901) 15 S. D. 114, 87 N. W. 581; Naddy v. Dietze (1901) 15 S. D. 26, 86 N. W. 753; State v. Coughran (1905) 19 S. D. 271, 103 N. W. 31; Edgemont Imp. Co. v. N. S. Tubbs Sheep Co. (1908) 22 S. D. 142, 115 N. W. 1130; Reed v. Boland (1913) 31 S. D. 309, 140 N. W. 691; Viktora v. Cressman (1918) 41 S. D. 159, 169 N. W. 551; Kupfer v. Biehn (1918) 41 S. D. 163, 169 N. W. 514; Hamann v. Egan (1921) 44 S. D. 416, 184 N. W. 236; Smee School Dist. v. Salzseidler (1934) 63 S. D. 158, 257 N. W. 111.

We think the findings sufficiently support the judgment, and no other question having been brought before us for review upon the record as made, the judgment appealed from is affirmed.

All the Judges concur.