In Re BO'SCHMA.

HINES, Administrator of Veterans' Affairs, Appellants, v. BOSCHMA, Respondent.

(262 N. W. 173.)

(File No. 7805.   Opinion filed August 5, 1935.)

John A. Scotney, of Sioux Falls, for Appellant.

F. M. Scoblic, of Tyndall, and H. A. Doyle and Frank Biegelmeier, both of Yankton, for Respondent.

PER CURIAM. Rink Boschma was appointed guardian of the estate of his brother Richard by the county court of Bon Homme county, qualified, and entered upon the performance of his duties as such guardian. The ward is a World War veteran, was seriously gassed, and shortly after his return from service was adjudged insane and placed in the hospital for the insane at Yankton. The guardian deposited in form of time certificates funds received from the federal government as insurance and compensation in

the First National Bank of Springfield and the Bank of Springfield. These banks became insolvent, and in the process of liquidation dividends have been paid upon the claims presented. The county court approved the account of the guardian allowing credits for amounts lost by these bank failures. The Administrator of Veterans' Affairs, herein designated as appellant, appealed to the circuit court of Bon Homme county, and, after hearing, the circuit court entered its decree affirming the order of the county court. The appeal to this court is from such judgment and order· denying motion for new trial.

Notice of intention to move for a new trial having been served prior to the rendition of decision by the trial court, it was premature, and can be given no force or effect. Muckler v. Smith, 51 S. D. 127, 212 N. W. 491. The apeal is therefore from the judgment only, and the question as to the sufficiency of the evidence to sustain the trial court's findings is not presented.

As we view the record, the one question before us for determination is whether the findings sufficiently support the judgment.

Among the pertinent and essential findings by the court are the following:

"That prior to the closing of said two banks, both institutions enjoyed good reputations as to their solvency and that the guardian carried his personal account in both of said banks and that he lost in excess of Seventeen Hundred Dollars of his own money in the First National Bank of Springfield, South Dakota, and in excess of One Hundred Dollars in the Bank of Springfiéld.

"That most of the business men of the City of Springfield carried their accounts in the First National Bank of Springfield, South Dakota, and that they all lost money therein, and that prior to the date upon which said banks were closed and were declared insolvent, there were no rumors in said city that said banks were insolvent or in any financial difficulty.

"That between the years 1920 and 1923, real estate loans were not available in the amount that the guardian had on hand; that Liberty Loan Bonds were selling below par, and were misunderstood, and that it was generally supposed that the owner thereof would be obliged to wait for his money until the due date thereof.

"That the guardian in depositing said money in said banks

as aforesaid, acted honestly and faithfully and that under the circumstances he exercised such care and intelligence as men of ordinary prudence exercised in their own affairs."

The findings are sufficient to support the judgment approving the account of the guardian within the recent holding of this court in the case of Frank T. Hines, Administrator of Veterans Affairs, v. Moulton (In re Moulton's Guardianship), 63 S. D. 535, 261 N. W. 666 (decided June 25, 1935).

The judgment and order appealed from are affirmed.

All the Judges concur.