DOLING, Respondent, v. HYDE COUNTY, et al., Appellants

(17 N. W.2d 693.)

(File No. 8713.   Opinion filed February 16, 1945.)

**M. C. Cunningham,** of Highmore, for Appellant.

**C. E. Noel,** of Highmore, and **Martens & Goldsmith,** of Pierre, for Respondent.

SICKEL, J.   This action was brought by plaintiff Leo Doling under SDC 37.15 for the purpose of determining adverse claims to the southeast quarter of section 1, township 114 north, range 72 west of the fifth P. M., Hyde County. The defendants are Hyde County, Frank Melbourn, and persons unknown.

Otto Schliessmann and Mildred Schliessman acquired title to the property in the year 1930.   The property was sold to Hyde County in 1936 for the 1935 taxes.   Mildred Schliessmann died February 10, 1941.   In May of the same year the treasurer of Hyde County commenced proceedings to take tax deed.   The tax deed was issued to Hyde County July 26, 1941.   On January 8, 1943, T. A. Schliessmann, as sole heir of Mildred Schliessman, deceased, and Otto Schliessmann, conveyed their interest in the property to the plaintiff.   Then the plaintiff deposited with the county treasurer the sum of $156.42 representing the unpaid taxes, interest, penalty and costs of taking tax deed.   He also made application to the county commissioners for a conveyance of the property.   The county commissioners granted, and later rescinded, the application and then advertised the property for sale at public auction.   On March 20, 1943, the defendant Frank Melbourn became the purchaser at the sale for the sum of $160 which he paid to the county.   Then plaintiff brought this action. The named defendants were served personally and unknown defendants were served by publication.   The circuit court entered findings of fact and conclusions of law in favor of plaintiff and against the defendants on August 2, 1943, and entered its decree on August 6th of the same year.   These findings, conclusions and decree were amended September 29, 1943.

Appellant claims that the circuit court erred in admitting in evidence the deposition of T. A. Schliessmann.   In

this deposition the witness testified that he was the father and only heir of Mildred Schliessmann who died intestate while owning an undivided one-half interest in the above described property. It is appellant's contention that in admitting this evidence and making decision thereon, the circuit court exercised jurisdiction over a probate matter, contrary to Section 20, Art. V of the state constitution.

■ It is the established rule in this state that the equity jurisdiction of the circuit court extends to matters of probate, but that such jurisdiction will be exercised only in special cases. Welsh v. Krause et al., 38 S. D. 264, 161 N. W. 189; Jacquish v. Deming, 40 S. D. 265, 167 N. W. 157; Howe v. Larson, 688 S. D. 203, 299 N. W. 876.

■ As stated above, this was an action to quiet title. It involved the validity of a tax deed to the county, and the validity of a deed by the county to defendant Melbourn. It also involved the right of the respondent to redeem from a tax sale. The deposition of T. A. Schliessmann was offered by respondent to prove his ownership and title to the property. The probate of the Mildred Schliessmann estate in the county court would not afford the speedy and adequate remedy required under these circumstances. This constituted a special circumstance under which the circuit court properly exercised jurisdiction over matters of probate. Jacquish v. Deming, supra.

■ Appellant also assigns as error the findings, conclusions and judgment directing the application of $141.88 of Doling's deposit to the payment of taxes on the land, and a refund of $14.54, the excess of the deposit over taxes, to Doling; also that part of the judgment directing the county to refund to Melbourn the $160 paid by him to the county for the purchase of the land. SDC 57.0902 provides:

"In any action or proceeding to recover real or personal property sold for taxes, or to invalidate or cancel any tax sale certificate, tax deed, or other tax sale proceeding, the party seeking such relief must specify and tender in his pleading the amount of the tax, if any, which he concedes to be due. * * * The fund so deposited shall be held by said treasurer subject to the final judgment of the court in the action

or proceeding. In such judgment the court may direct the payment from such fund of such sums as it shall find to be due to any of the parties involved, or if the county involved has been made a party, the court may direct the retention of such sum by said county and also adjudge that such county pay to the parties entitled thereto such sum as it may find to be due, which sum shall not in any event exceed the amount which the county may have originally received from the tax collection or proceeding and six per cent interest thereon from such date. In such cases the amount so adjudged to be paid by said county shall be paid forthwith unless stayed by appeal, and the sum paid shall be charged proportionately to the several taxing districts involved. * * *"

There is no issue in this case as to the invalidity of the tax. The county admits that the tax deed issued to it is void for failure to serve the notice to redeem as required by law. Plaintiff tendered in his pleadings the amount of taxes due. The amount of the tender was on deposit in the office of the county treasurer. According to the provisions of the above statute, Doling was liable to the county for the taxes. due on the property amounting to $141.88, to be paid out of the deposit. Doling was entitled to a return of the balance of the deposit, amounting to $14.54. Melbourn paid $160 to the county for a deed to the land but obtained no title. Consequently he is entitled to a refund of his money. This is the substance and effect of the decision of the circuit court. If the county has paid the taxes out of the money received from Melbourn, the county's part of the Doling deposit will in part reimburse the county for its obligation to Melbourn.

■ Appellant also assigns as error the failure of the circuit court to make a finding to the effect that Doling is not the owner of the land.in good faith, but that he holds the title for Johnson for the purpose of aiding him in avoiding a lien for social security obligations due to the state.

The answer filed by the county in this case contained no allegation of the above matter as a defense. There is no evidence to show that Johnson was indebted to the state for social security payments received by him. Neither did the appellant propose or request any finding of fact or conclusion of law on this subject nor did he notify the court orally

or in writing that he desired to do so. SDC 33.1405. Therefore, the record presents no question to this court for review.

Appellant claims that the circuit court erred in amending the findings of fact, conclusions of law and judgment, but does not point out what alterations were made, nor in what manner those amendments were prejudicial to its rights. In the absence of a showing to the contrary, this court assumes that the circuit court acted within its jurisdiction, and in accordance with the rule stated in the following cases: Edmunds v. Inman, 24 S. D. 457, 124 N. W. 430, Ann. Cas. 1912A, 1035; Gerhart v. Quirk, 50 S. D. 269, 209 N. W. 544; Sinclair Refining Co. v. Larson, 51 S. D. 443, 214 N. W. 842.

Judgment affirmed.

All the Judges concur.