IN RE APPEALS OF BOTTCHER, et al.

(102 N.W.2d 623)

(File No. 9793. Opinion filed April 27, 1960)

361

**Heidepriem & Widmayer,** Miller, for Appellants.

**Fred R. Winans,** Hyde County State's Atty., Highmore, for Respondent.

BIEGELMEIER, J.

Appellants as owners of mercantile buildings in Highmore, South Dakota, made applications for reductions of the valuations fixed by the Director of Assessments. Receiving no relief from the governing body of the city or the County Board, sitting as Boards of Equalization, appeals were taken to the circuit court. In that court they were combined for trial at which appellants submitted extensive evidence. The trial judge filed a memorandum decision in which he reduced the valuations twenty and thirty per cent. Thereafter the parties to this proceeding entered a stipulation waiving findings of fact and conclusions of law, to which the circuit court attached an order to the same effect. A judgment was entered in accordance with the decision. Feeling aggrieved and claiming the reductions of the assessments made by the circuit court were inadequate, appellants have appealed to this court from the judgment. As to each building appellant has one

assignment of error, that the evidence is insufficient to justify the memorandum decision and judgment of the court. Respondent calls into question the authority of this court to consider the assignment of error for the reason that this is an appeal only from the judgment, that no motion for a new trial was made and no request for findings or other apt motion was made as a foundation for the assignment. Courts prefer to determine appeals on their merits and we would prefer to so consider this appeal because of the scope and weight of the evidence introduced by appellant. Nevertheless, it is our duty to consider only such error as is properly presented in the trial court so it may be reviewed and when the objection is specifically called to our attention, it must first be determined.

The right of appeal is statutory. Insufficiency of the evidence to justify the decision is one of the causes for granting a new trial, SDC 33.1605(6) and on appeal from the order made on such application this court may then inquire into its propriety on that ground. Keyes v. Baskerville, 42 S.D. 381, 175 N.W. 874. Since the adoption of Supreme Court Rule 187 (SDC 33.1607) an application for a new trial is not necessary as a prerequisite to obtain appellate review as to the matters specified in subdivisions (6) and (7) of SDC 33.1605 and such matters may be so reviewed without a motion for a new trial, "provided such matter has been submitted to the trial court as prescribed in section 33.0710." This last cited section provides in part:

> "Such of the matters specified in subdivisions (6) and (7) of section 33.1605 as may have been timely presented to the trial court by * * * request for findings, or other apt motion * * * may be reviewed on appeal from the judgment without necessity for an application for new trial."

Here no request for findings, proposed finding or any other apt motion, if there be such, was presented to the trial court. See Doling v. Hyde County, 70 S.D. 339, 17 N.W.2d 693. This court has held many times that under such record

the sufficiency of the evidence may not be reviewed. Chambers v. Wilson, 1940, 67 S.D. 495, 294 N.W. 180; Ehrke v. North American Life & Cas. Co., 1946, 71 S.D. 376, 24 N.W.2d 640; Ove v. Hutcheson, 1957, 77 S.D. 78, 85 N.W.2d 675. Lang v. Burns, S.D., 97 N.W.2d 863, decided while this appeal was pending is of like import.

■■ The reply brief of appellant suggests that respondent is estopped from urging this objection. It was lawful for the parties to waive these findings and conclusions. SDC 33.1404 so provides. See Chandler v. Kennedy, 8 S.D. 56, 65 N.W. 439. Estoppel cannot be a substitute for the authority of an appellate court to review matters not presented or preserved in accord with a statute or rule of court.

The judgment appealed from must be, and therefore is, affirmed.

ROBERTS, P.J., and RENTTO and HANSON, JJ., concur.

SMITH, J., not sitting.