MOODY COUNTY, Appellant v. CABLE, Respondent

(150 N.W.2d 193)

(File No. 10366. Opinion filed April 26, 1967)

---

**Rolland G. Jones,** Flandreau, for plaintiff and appellant.

**Peter J. Schmitz,** of **Martens, Goldsmith, May & Porter,** Pierre, for defendant and respondent.

BIEGELMEIER, Judge.

This is an action by Moody County to collect personal property taxes claimed due from defendant. Defendant's answer in addition to a general denial, alleged he was a resident of Buffalo County, the cattle were on feed and not grazing cattle and were first lawfully listed and assessed in the county of defendant's residence. It was stipulated defendant had feeder cattle owned by him upon farms in Moody County on assessment dates of May 1, 1960 and 1961, which were in the care and custody of various farmers, and taxes were assessed against defendant by that county in amounts stated; that defendant had no connection with the cattle other than owning them and placing them in the care of such farmers and had not pursued any administrative remedy found in SDC 57.04 such as appearing before the local equalization board to protest the amount of the tax nor had he made application to abate or adjust the taxes as permitted by SDC 57.08. The transcript shows additional testimony was received. The trial being to the court, Findings of Fact and Conclusions of Law were entered.

The trial court found defendant was a resident of Buffalo County and on May 1, 1960 and May 1, 1961, had cattle in Moody County on which plaintiff levied and assessed taxes for such

years which defendant refused to pay; that while such cattle were in Moody County, they were not connected with any farm and were not grazing cattle, but were temporarily contained in feed lots which were not owned or leased by defendant, but controlled by other persons. From such findings the court concluded the taxable situs of the cattle owned by defendant, a resident of Buffalo County, was not in Moody County for the years 1960 and 1961 and the purported assessment was voidable by reason of lack of taxable situs therein, which defense defendant had a right to raise. Judgment for defendant followed and the county appealed.

■ ■ Plaintiff county argues several points in the brief under questions claimed to be presented by the assignments of error. The appeal being from the judgment without a motion for a new trial, defendant challenges the right of plaintiff to question the findings as it neither proposed nor requested any findings as permitted by SDC 33.1405 though given an opportunity for hearing by the trial court. Plaintiff counters that the last sentence of the section mentioned grants it an exception to the findings as entered. It provides any action "of the Court in adopting, rejecting, modifying, or making proposed findings of fact or conclusions of law * * * shall be deemed excepted to". That must be read with other applicable sections. SDC 33.1607 states an application for a new trial is not necessary to obtain appellate review of insufficiency of the evidence where the appeal is from the judgment, provided it has been submitted to the trial court as prescribed in SDC 33.0710. The latter section permits appellate review thereof if it has been "timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, objection, or exception".

■ ■ Sufficiency of the evidence cannot be reviewed without compliance with SDC 33.0710. SDC 33.1405 merely grants an exception to rulings of the court, but does require request for a finding on an issue of fact as foundation for an assignment of insufficiency of the evidence as to it. The court has uniformly so held. See Hines v. Moulton, 1935, 63 S.D. 535, 261 N.W. 666, for cases cited prior to the adoption of the 1939 rules and thereafter Doling v. Hyde County, 1945, 70 S.D. 339, 17 N.W.2d 693;

In re Appeals of Bottcher, 1960, 78 S.D. 360, 102 N.W.2d 623, and Iversen v. Terriere, 78 S.D. 478, 104 N.W.2d 474. Plaintiff is therefore limited to the question of whether the findings support the conclusions of law and judgment. Hines v. Moulton, supra.

▮ Assignment 3 asserts error in a conclusion of law that the taxable situs of the cattle was not in Moody County. The trial court's finding defendant was a resident of Buffalo County and the cattle were not connected with any farm, but temporarily contained in feed lots supports that conclusion. Though the assignment does not so state, plaintiff's argument apparently is based on defendant's testimony the cattle were connected with a farm in Moody County and thus assessable there pursuant to SDC 57.0324 and not under SDC 57.0323.[1] However, because the trial court found the cattle were not connected with a farm in Moody County, but were only temporarily contained in feed lots of persons other than defendant, the conclusion of law they did not have a taxable situs in Moody County properly followed. In construing § 2059 of the Political Code of 1903, now in part SDC 1960 Supp. 57.0325 the court in Morse v. Stanley County, 26 S.D. 313, 128 N.W. 153, said the real intent was that livestock be taxed at such place as might be held to be the home of such stock while Judge Haney in the dissent stated residence situs was the rule, ranch situs the exception.[2] Based on the court's finding the conclusion and judgment conform to these principles. They have been cited and applied in many opinions of the Attorney General. See 1951-1952 A.G.R. 59.

▮ In assignment 4 plaintiff contends the trial court erred in failing to enter a conclusion of law from the stipulated facts that SDC 1960 Supp. 57.0325-3 authorized plaintiff to assess the cattle. That section is part of Chapter 432 of the 1959 Session Laws, Section 13 of which (SDC 1960 Supp. 57.0325-12) states the

---

1. SDC 57.0323, insofar as it is applicable, provides: "Personal property, except such as is required by this chapter to be assessed otherwise, shall be assessed in the county * * * where the owner or agent resides."
   SDC 57.0324 "Where the owner of livestock or other personal property connected with a farm does not reside thereon, the same shall be assessed in the township or district where the farm is situated."

2. The ability to dodge taxes mentioned in the Morse opinion seems to be avoided in the Personal Property Return of every taxpayer which requires the name and address of an owner of property in his possession not listed in the Return. See SDC 1960 Supp. 57.03A13.

act applies only to cattle which "range or "graze" in the state on extensive tracts of land where herds of livestock roam or graze at large as distinguished from feed lots where they are confined for finishing for market. Section 2 (SDC 1960 Supp. 57.0325-2) further defines "ranging" and "grazing" as pasturing on tracts of native grass of 70 acres or more. This act clearly does not apply to cattle in feed lots for the purpose of finishing for market which fact is undisputed here.

■ Plaintiff's assignment 6 claims error for failure to adopt a conclusion of law that defendant did not utilize administrative remedies referred to in its reply.[3] SDC 57.1027 permits defendant to "set up by way of answer any defense which he may have to the collection of the taxes". Lack of authority or jurisdiction to assess and tax property was a proper and permitted defense to the action.

The judgment is affirmed.

HOMEYER, P. J., and RENTTO and HANSON, JJ., concur.

ROBERTS, J., dissents.

ROBERTS, Judge (dissenting).

The defendant moved cattle from Buffalo County to Moody County for the purpose of fattening them for market. The present action was brought in the Circuit Court of Moody County for the recovery of taxes assessed upon the cattle. The trial court found that such property was assessable in Buffalo County and that plaintiff was not entitled to judgment.

The methods prescribed for the recovery of delinquent taxes are wholly statutory. SDC 1960 Supp. 57.1026 provides that it shall be sufficient for the county treasurer authorized to enforce collection of personal property taxes by civil action to allege that "the taxes stand charged against the defendant, that the same are delinquent and unpaid, stating the year or years and the amount for each year, and such treasurer shall not be required to set forth in his complaint or by a bill of particulars any other

---

3. It did not appear defendant had any notice of the Moody County assessment before commencement of this action.

or further matter relating thereto and the duplicate tax list or lists shall be prima facie evidence of the amount and validity of such taxes appearing due and unpaid thereon, * * *." Where there is allegation and proof in compliance with these statutory provisions, the burden is upon the defendant taxpayer to prove facts set up by way of defense showing that the taxes are invalid. The statute provides that the county treasurer may commence such action in his name as treasurer. The county unquestionably has a remedial interest in a cause of action to enforce the collection of personal property taxes and no question is raised as to whether the county is a proper party plaintiff.

There is no dispute as to the material facts. It appears from the pleadings, stipulation of the parties and the findings of the trial court that the defendant resides in Buffalo County where he operates a ranch. In the years 1960 and 1961, defendant brought cattle into Moody County and delivered them into the possession and control of owners of feed lots for the purpose of feeding them for the market under arrangements with defendant owner. The cattle so brought into Moody County and there on the first day of May in each of these years were assessed to defendant owner.

SDC 57.0323 states the general rule that personal property except as is otherwise provided shall be assessed where the owner resides.

SDC 57.0324 provides: "Where the owner of livestock or other personal property **connected with a farm** does not reside thereon, the same shall be assessed in the township or district where the farm is situated" (Emphasis added). This section makes a specific exception to the general rule.

SDC 57.0325 and Chapter 432, Laws 1959, fix the place of taxation of cattle and other domestic animals temporarily ranging or grazing on extensive tracts subject to the limitations contained therein. While these provisions do not apply to the facts in the present action, yet they show an intention on the part of the legislature to give the residents of a taxing district into which cattle are brought for the profit of a nonresident owner the right to assess and collect taxes thereon and thus to impose a share of the cost of protection upon such property.

SDC 1960 Supp. 57.0328 seeks to state a rule to prevent the taxation of personal property at two different places where such property has been removed from one taxing district to another. It provides that "where a person whose duty it is to list personal property for assessment can show by duly authenticated certificate of assessment that the property or any part thereof has been lawfully listed and assessed in any other taxing district of this state * * * for the current year, so that he is held for taxation of such property or any part thereof, in such other taxing district * * * then the property that is assessed for tax in such other district * * * shall not be further assessed * * * ." SDC 57.0329 provides that where the proper place to assess personal property as between counties is questioned, the place for assessing shall be determined by the Commissioner of Revenue.

The trial court concluded that the cattle brought by defendant into Moody County were "not connected with a farm, but rather were temporarly contained in feed lots which lots were not owned or leased by defendant". The court seemingly construed the words "connected with a farm" in Section 57.0324, quoted above, to refer to a "farm" under the control or supervision of a nonresident taxpayer. This construction does not necessarily follow from the words of the statute and is in my opinion contrary to the intention of the legislature when such language is construed in connection and in harmony with other related statutes.

Defendant did not pay the taxes under protest and there are no findings that he sought an administrative determination of the proper place of assessment or that he was assessed in Buffalo County for all the property which is involved in the present action.

In Morse v. Stanley County, 26 S.D. 313, 128 N.W. 153, an action to restrain defendant county from enforcing the collection of taxes which were assessed and levied upon livestock ranging in that county, plaintiff, a resident and owner of a ranch in Pennington County, contended that horses ranging in Stanley County were assessable in the county where he resided and maintained his headquarters ranch. This court construing Section 2059, 1903 Political Code, which included the present pro-

visions of Section 57.0323, supra, said: "If, under the facts as found here, these horses are not taxable in Stanley county, then if a person lives in one county, or his foreman or superintendent lives therein, and from such point manages and conducts ranches throughout the whole state—no matter if some of such ranches cover large parts of other counties—still all of his property, no matter how great its value, would be taxable only in the county where he or the foreman lives, while as a matter of fact such county would have no equitable right to any of such tax whatsoever. We are of the opinion that each separate and distinct ranch where live stock are in the habit of congregating or of being cared for is a situs for taxation purposes, separate and distinct from all others, though the control of such ranch may be under a person resident elsewhere; the real intent of such part of section 2059, supra, being that the live stock should be taxed at such place as might be held the home of such stock."

The court in Delatour v. Smith, 116 Neb. 695, 218 N.W. 731, considered the question of the tax situs of cattle moved during the month of December from the owner's headquarters ranch into an adjoining county and were there assessed on April 1 following. The owner contended that the cattle were connected with the farm in the county of his residence. The governing statute provided that the livestock in charge of a caretaker and "not connected with a farm" on the assessment date were assessable where kept. In denying injunctive relief the court said: " 'Where the owner of cattle resides in one county and his cattle are kept on a farm in another county, which farm is entirely disconnected from the home of the owner, such cattle are properly taxed in the county where kept.' * * * The trend of authorities in cattle feeding states indicates that bands of sheep or herds of cattle being prepared for market are a distinct entity from operations on the home ranch and may be taxed for the benefit of the county they are being fed in on the taxing date. * * * 'In fact, an inspection of the whole law shows the clear intention on the part of the Legislature to give the people of the taxing subdivision in which personal property is situated and used for the profit of the owner the right and privilege of collecting taxes upon it, so that it may bear its proper share of the expenses of government at that place.' "

The personal property here involved was permanently removed from Buffalo County and was not thereafter connected with a farm or ranch in that county. The feeding of cattle preparatory to marketing on each of the farms in Moody County was separate and distinct from the operations on defendant's ranch. The cattle in each instance were connected with a farm in Moody County and were in my opinion assessable the same as similar property owned by residents. This construction is in harmony with the legislative policy of giving to residents in taxing districts into which livestock is brought for the benefit of the owner the right to collect taxes thereon. The stipulation of the parties and the findings of fact of the trial court do not in my opinion sustain the conclusions of law and judgment. I would reverse.