## WARD v. DuPREE, *et al.*

1. An action by a legatee to set aside a release of her share of the estate to defendants who were also legatees, in consideration of a payment of $2,000, on the ground of fraud, and to restrain the executor and the county court from proceeding with the administration of the estate un til the determination of such action, was not within the exclusive jurisdiction of the county court, in which the administration of the estate was pending, since defendants claimed under the release, and not under the will.

2. Under Comp. Laws 1887, § 4884, providing that, where one of two or more defendants in an action dies, the action may proceed without bringing in the person who has succeeded to the rights of the deceased party, and that the judgment shall not affect him or his interest in the subject of the action, it was not error, in an action against legatees to set aside an alleged fraudulent release of another legatee's share, to deny a motion for a continuance on the ground that two of the defendants had died during the pendency of the action, and that no administrators had been appointed for their estates.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Stanley county. Hon. LORING E. GAFFY, Judge.

Suit by Estelle Ward against Edward DuPree and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*M. G. Sinnon* and *John A. Holmes,* for appellants.
*J. K. Breeden* and *John F. Hughes,* for respondent.

CORSON, J.    In June, 1898, one Frederick DuPree, a resident of Stanley county, died, leaving surviving him a widow and nine children, one of whom is the plaintiff in this action, and also leaving a last will and testament, which was duly admitted to probate by the county court of said Stanley county. In his will the deceased bequeathed to his wife and to each of his children a one-tenth interest in his estate, and appointed Douglas F. Carlin executor of same. The estate of the deceased consisted mainly of money deposited in bank and a herd of cattle. On August 15, 1898, there was a meeting of the legatees called by one or more of the defendants for the ostensible purpose of signing papers required in making a division of money deposited in the bank. On the 12th day of November following, the defendants, or some of them, caused to be filed and recorded in the office of the clerk of the county court of said Stanley county an instrument purporting to be executed by the plaintiff herein and her sister Maggie Fisherman, relinquishing all the right, title, and interest of the plaintiff and her sister in and to the estate of the said Frederick Du Pree, deceased, to Peter Du Pree, Davis DuPree, Edward DuPree, Frederick Du Pree, Hermine DuPree, Josephine Vollin, and Marcella Carlin, except that the plaintiff and her sister were each to be paid $2,000 in cash within 60 days from the date of the said instrument. It is alleged in the complaint that this instrument was forged, and was never in fact signed by either the plaintiff or her sister Maggie Fisherman, or, if signed by them, their signatures were procured

by fraud. It is further alleged that the plaintiff and her sister had signed an instrument purporting to be for the purpose of dividing the money in the bank belonging to the estate and that the same was signed for no other purpose. It is further alleged that the said purported relinquishment was wholly without consideration and null and void; that the consideration of $2,000 mentioned in the said relinquishment was plaintiff's money absolutely, left by her father, Frederick DuPree, by his last will and testament, and was paid to her as her share of the $20,000 in the bank belonging to the said estate. The plaintiff further alleges that the executor of the said estate, while knowing said purported relinquishment to be false and forged, procured an order of the said county court of Stanley county to distribute the sum of $4,000 belonging to the estate, and which was distributed, leaving this plaintiff out, and not distributing to her her share of the said $4,000 as provided by said will. It is further alleged that the said executor, while knowing said instrument to be false and forged, did for the purpose of defrauding this plaintiff out of her interest in her father's estate, procure an order from the said county court to distribute, and did distribute, about 856 head of cattle belonging to the said estate, and worth about $24,000, among the defendants, leaving out in said distribution this plaintiff. It is further alleged that the plaintiff had no knowledge of the said purported relinquishment until in July, 1900. The plaintiff prays that an injunction issue out of the said court, enjoining the said executor from distributing any more money or property of any nature or kind, or from making final settlement of the said estate until the final hearing and disposition of the said case, and that the judge of said Stanley county be restrained

from issuing any order to the said executor, authorizing him to pay out or distribute any more money or property of any kind belonging to the said estate, and from making any final order or settlement therein, and that the court adjudge the said purported relinquishment null and void, and cancel the same and the record thereof, and that the plaintiff be adjudged to be enlitled to a one-tenth interest in and to the said estate of Frederick DuPree, deceased, as provided in his last will and testament.   To the complaint the defendants interposed a demurrer upon the following grounds:  "It appears upon the face of the said complaint that the court had no jurisdiction of the subject of the action, and also that the said complaint does not state facts sufficient to constitute a cause of action."   This demurrer was overruled and the defendants given 15 days to answer and subsequently an answer was duly filed.   Upon the case being called for trial, the death of two of the defendants was suggested by the attorneys for the defendants, and that no administrator had been appointed for either of them, and they moved the court to continue the case until the next term of the said court.   This motion was denied, and the defendants excepted to this ruling.   Thereupon the court called a jury, and submitted to them two questions:  "(1) Did plaintiff, Estelle Ward, sign Exhibit No. 5?   Answer.  Yes.   (2) If you find that Estelle Ward did sign Exhibit No. 5, was such signature procured by fraud?   Answer.  Yes."   The court made other findings in the case, and stated its conclusions of law, and entered judgment in favor of the plaintiff, and from this judgment and order denying a new trial the defendants appeal.

The principal error assigned, discussed by counsel, is that the court erred in overruling defendants' demurrer to the com-

plaint. It is contended by the defendants that the county court of Stanley county had exclusive original jurisdiction of the subject-matter in controversy in this action, and that under the laws of this state the county court is clothed with ample and sufficient judicial power to hear and fully determine all the issues in any manner connected with the complete and final settlement of the estates of deceased persons. It is insisted on the part of the plaintiff that the question in this case is not one as to administration of the estate, but is a question as to whether or not the purported release is a good and valid transfer of the interest of the plaintiff in and to her interest in the estate of Frederick Du Pree, deceased. It will be noticed that the plaintiff claims that this purported relinquishment was a forgery, or obtained from her by fraud, and is a nullity. It would seem from the allegations in the complaint that the meeting of the heirs or legatees was called ostensibly for the purpose of signing a document necessary to secure a division of the money belonging to the estate of the deceased in the bank, amounting to about $20,000, and that the plaintiff, who was alleged to be unable to read or speak the English language, was induced to sign the same upon the representation that such was the object of the document signed, but that in fact the document signed was a release by the plaintiff of her interest in the estate upon the payment of $2,000. It further appears that the executor and county judge were proceeding in distributing the estate npon the theory that the relinquishment was genuine and binding upon the plaintiff, and the county court was making orders for the distribution of the estate, and the executor was carrying into effect those orders upon the theory that the plaintiff had no further interest in the

estate.   Assuming the allegations in the complaint to be true, it is quite clear that the executor and the defendants colluded together for the purpose of defrauding this plaintiff out of her interest in said estate, excepting as to the first $20,000 distributed, and that, for that purpose, they procured by fraud the signature of the plaintiff to the purported relinquishment, and that the county judge was acting upon the theory that the said relinquishment was a valid and binding instrument.   As will be noticed, the main object of the action is to cancel the purported relinquishment of the plaintiff, and the record thereof.   It was not therefore, an ordinary proceeding in the course of administration in an estate in the county court, as the defendants do not claim the interest of the plaintiff in the said estate as legatees under the will of Frederick Du Pree, or as heirs of the said Du Pree, but solely by virtue of the purported relinquishment or assignment of the plaintiff.   We are of the opinion that the case is to be treated precisely as though the defendants were third parties, and not legatees under the will, as their right to plaintiff's interest does not vest in them as legatees or heirs, but as assignees of the plaintiff.   If the defendants were in fact third parties, it would hardly be claimed that the county court would have jurisdiction to determine the controversy between the plaintiff and third parties. Undoubtedly the county court is authorized to determine who are entitled to the estate upon the death of the decedent, and to what portions of the same the legatees, devisees, or heirs are entitled as such; but it had no jurisdiction to determine the controversy between one legatee and the other legatees arising out of an alleged fraudulent transaction on the part of the latter in procuring an assignment of the former's interest

in the estate.    This seems to be the view of the courts in states having Probate Codes similar to our own.    In Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, the Supreme Court of Minnesota, in discussing the question as to the effect of a decree of the probate court of that state, after discussing the case of Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945, uses the following language: "But although, in the case just cited, the opinion contains language which may suggest the contrary inference, the probate court has no jurisdiction to determine a controversy between an heir or devisee and a third party claiming from him, and not claiming as heir or devisee. In other words, that court may determine to whom the estate passed upon the death of the decedent, and in what proportions, or what passed to each heir or devisee, and to what extent such proportion or part has been affected by the administration; but claims made by third persons against the land passing upon the death to an heir or devisee, based upon alleged acts of such heir or devisee, and not on the law of decent, nor the effect of the will, are not involved in the administration, and must be determined by some other tribunal than the probate court."    Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171, was a controversy between the widow and the heirs, arising out of an alleged conveyance by the widow to the heirs.    In that case the probate court had made a decree that the dower right as set forth by the decree remained in the widow. The Supreme Court held, however, that the decree was not binding upon that court as an adjudication, for the reason that the probate court had no authority to determine the question of validity or invalidity of the conveyance from the widow to the heirs.    The court held that the case could not be distin-

guished from Farnham v. Thompson, *supra.* It will be noticed in the latter opinion that, notwithstanding the widow was a party to the administration proceedings, they treated her for the purpose of that case as a third party. In Homer's Appeal, 35 Conn. 113, the Supreme Court of Conneticut held that, where a third party claims property in the hands of an administrator, the court of probate has no power to try the question of title, and to make an order that the administrator deliver the property to the claimant. And such seems to be the view of the court in the early cases in California. Matter of Estate of Nerac, 35 Cal. 392; Theller y. Such, 57 Cal. 447; Chever v. Ching Hong Poy, 82 Cal. 68, 22 Pac. 1081. In the latter case the Supreme Court of California says: "Section 1666 of the Code of Civil Procedure provides that a decree of distribution 'is conclusive as to the rights of heirs, legatees, or devisees,' but it is conclusive against them, only as heirs, legatees, or devisees—only so far as they claim in such capacities. The probate court has jurisdiction to determine who are the legal heirs of a deceased person who died intestate, and who are the devisees or legatees of one who died testate, but its determination of such matters does not create any new title. It merely declares the title which accrued under the law of descents or under the provisions of the will. The decree of distribution has nothing to do with contracts or conveyances which may have been made by heirs, devisees, or legatees of or about their shares of the estate, either among themselves or with others. Such matters are not before the probate court. and over them it has no jurisdiction." The later case in California of William Hill Co. v. Lawler, 116 Cal. 359, 48 Pac. 323, was decided after the Probate Code was amended, in 1885, which greatly

enlarged the jurisdiction of the county court. While the Probate Code of this state is substantially the same as the original Probate Code of California, the amendment made to the California Code has not been adopted in this state; and hence if that decision does, as claimed by appellants, support their view, it would be entitled to but little consideration in the determination of this case. We are clearly of the opinion that the circuit court had jurisdiction of this action, and that it was properly instituted in that court.

It is also contended by the appellants that the court erred in denying their motion for the continuance of the action for the reason that two of the defendants had died during its pendency, and no administrators had been appointed, but this contention is clearly untenable. Section 4884, Comp. Laws Dak. 1887, provides that, where one of two or more plaintiffs or one of two or more defendants in an action dies, the action may proceed without bringing in the person who has succeeded to the rights of the deceased party, and the judgment shall not affect him, or his interest in the subject of the action. The court committed no error, therefore, in denying the motion.

It is further contended that the court erred in overruling appellants' motion for a new trial, and in making its findings of fact and conclusions of law, and entering judgment against the appellants. There is no merit in this contention. The findings of the court seem to be fully supported by the evidence, and the court therefore committed no error in entering judgment in favor of the plaintiff and in denying a new trial.

Finding no error in the record, the judgment of the circuit court is affirmed.