HAUGEN, et al, Petitioners, v. LARSON, Judge, et al, Respondents.

(244 N. W. 654.)

(File No. 7412. Opinion filed October 15, 1932.)

*Danforth & Davenport,* of Sioux Falls, for petitioners.
*Everett A. Bogue,* of Parker, for Respondent.

POLLEY, J. This is an original proceeding in this court, wherein the petitioners seek a permanent writ of prohibition, prohibiting the defendants, Lewis Larson, as judge of the county court, Minnehaha county, and James Mee and Robert Peterson,

named as executors in the last will and testament of Endre J. Vasgaard, deceased, from further proceedings in any manner in the matter of probating the last will and testament of said decedent. The decedent left surviving him as sole heirs his five children, four daughters and one son, who were also the sole devisees and legatees of the said last will and testament, and all of whom join in this petition. After the death of the said decedent, which occurred some time during the month of January, 1932, the defendants Mee and Peterson filed the said last will and testament in the county court of Minnehaha county, and petitioned for letters testamentary.

The heirs, devisees, and legatees named in the said will, being dissatisfied with the division of the property of the decedent made by the terms thereof, decided to waive the provisions of the said will, and entered into a written contract, designated as a family settlement, which reads as follows: " * * * It is hereby agreed by and between all of the parties to this contract as a family settlement, and by all of the parties interested in distributive shares of said estate either as heirs at law or otherwise, that for mutual consideration and for the purpose of avoiding any controversy or contests in this matter, and for the purpose of protecting and preserving the interest of all of the parties in interest in said estate, that the said purported will so presented by James Mee and Robert Peterson be and the same be set aside and declared not to be the last will and testament of the said Endre J. Vasgaard, and that the property in the estate of said deceased, after the payment of all just debts and funeral expenses, and any expenses incurred in this proceeding prior to the making of this contract, be distributed and divided in accordance with the terms and conditions of the instrument or will of the said Endre J. Vasgaard, deceased, bearing date the 17th day of May, 1929, and that John Vasgaard be appointed administrator of said estate; that a decree of distribution be entered herein in said proceedings by this court distributing said estate in accordance with the terms and conditions of the will of said Endre J. Vasgaard, made on the 17th day of May, 1929."

By the terms of this contract they agreed to a division of the said estate different from that provided for in the said will, and thereupon filed a protest in the said county court, protesting against

the probate of said will, and against taking any further proceedings of any kind or character in the matter of the probate thereof. The said contract was made a part of the protest, and was considered by the county court upon the hearing of the petition for letters testamentary. The judge of that court appears to have gone into the matter quite thoroughly and reached the conclusion that the law of this state clearly contemplates that all estates of deceased persons must be probated in order to pass clear title to the property, and that there is no other way to determine whether there are claims against the estate, than by probating the will. He stresses the fact that the executors named in the purported will are not parties to the said family settlement, and pursuant to his said conclusion directed the proponents of the will to proceed with the proof thereof. The beneficiaries of the will then instituted this proceeding.

The purpose of a will is to give to the beneficiaries named therein the right, as against all others, to the devise or legacy provided for them by the terms of the will, but does not compel such beneficiaries to accept such legacy or devise under the terms of the will. In this case the only duty to be performed by the executors is to pay the debts or claims, if any, against the estate and distribute the same to the legatees and devisees named in the will according to the provisions thereof. But the debts, if any, have been paid or assumed by the beneficiaries of the will, and such beneficiaries have distributed the estate among themselves in a manner materially different from the distribution made by the terms of the will; in other words, they have waived all the provisions of the will and left no duty whatever to be performed by the executors. The equitable title to the property, subject only to debts of the decedent, passes to the heirs at once on the death of the decedent, and when there are no debts, both legal and equitable title passes. Brown v. Baxter et al, 77 Kan. 97, 94 P. 155, 574; Thomas v. Morristown State Bank, 53 S. D. 499, 221 N. W. 257.

The executors have no interest of any kind in the estate or the distribution thereof, except the desire to earn and collect their statutory fees as executors (which in this case will amount to more than $1,500), and the payment of attorney's fees which may equal or exceed their own fees as executors.

Under these circumstances, is there any reason why the county court should proceed to act under the provisions of the will? The result would be that the executors would distribute the estate under the provisions of the will. This being done, it would then be incumbent upon the beneficiaries of the will to redistribute the estate (less the amount of executor's and attorney's fees) according to the contract above set out. Why should the beneficiaries of this estate be mulcted in this manner? And why should this useless proceeding be permitted? This question is entirely new in this jurisdiction, but it has been before many other courts where, as a general rule, the question has been answered in favor of the petitioners. Proceedings to probate a will imply the existence of a valid will with provisions or conditions to be carried out or performed by the executors. In this case, the interested parties having waived the provisions of the will, it is completely nullified— it becomes functus officio, so to speak, and there is nothing of it left upon which the court can act. The rule applicable to the contract involved in this case is stated in Loughary v. Simpson, 75 Or. 219, 145 P. 1059, 1060, as follows: "Family agreements of this sort are looked upon with peculiar favor by the courts, and will be upheld unless there appears to be some gross injustice or fraud in connection therewith."

And for a collection and review of the cases supporting this rule see note appended to Riffe v. Walton, 6 A. L. R. 549.

Our attention is called to In re Dardis' Will, 135 Wis. 457, 115 N. W. 332, 23 L. R. A. (N. S.) 783, 128 Am. St. Rep. 1033, 15 Ann. Cas. 740, which holds that the executor named in a will has such an interest in the estate that he has a right to proceed with the regular probate proceedings. But the great weight of authority supports the rule above stated.

We do not think the petitioners named in the will involved in this case should be subjected to the delay and expense of probate proceedings when they have by their mutual agreement accomplished everything that can be accomplished by such proceedings. Of course, the petitioners understand that creditors, if any should turn up, can follow the estate into the hands of the distributees, but, assuming that there are no creditors, we see no reason why the will should be probated, and, in a proper proceeding, petitioners

would be granted the relief they now seek by prohibition. But petitioners have not pursued their proper remedy. Prohibition is a special proceeding provided by statute and will be allowed only in cases "where there is not a plain, speedy and adequate remedy in the ordinary course of law."

Section 3020, R. C. 1919, and this court is committed to the rule that prohibition will lie only where the lower tribunal is threatening to act without, or in excess of its jurisdiction. And the parties seeking relief must be without adequate remedy in the ordinary course of law. State v. Circuit Court, 43 S. D. 421 179, N. W. 691, and see Gilmore v. Sandy, 50 S. D. 247, 209 N. W. 342, and Mee v. Hirning, 45 S. D. 582, 189 N. W. 675.

In this case; we believe the remedy by appeal is adequate, and that we would not be warranted in granting the extraordinary relief prayed for.

The petition is denied.

WARREN, J., concurs:

CAMPBELL, P. J. (concurring specially). The writ of prohibition issues to a judicial tribunal to arrest proceedings which are "without or in excess of the jurisdiction of such tribunal." Section 3019, R. C. 1919. It is not a proper method of reviewing claimed error if within jurisdiction, nor should it issue in any event if there is adequate remedy by appeal or other ordinary course of law. I do not think any case is made here for prohibition or that the threatened action of the county court is beyond its jurisdiction. Therefore I concur in the result arrived at in the foregoing opinion. As to what the county court ought to do under the circumstances, and as to whether or not the contemplated action of the county court is erroneous, and as to whether or not the proposed will, if proved, should be admitted to probate, and as to what can or should be done if it is not so admitted, I express no opinion, believing such questions are not presented to this court at this time.

ROBERTS, J. (concurring in result). I concur in the view that prohibition is not the proper remedy, and that the relief prayed for should be denied. It is unnecessary to decide the question of the validity of the agreement entered into by the beneficiaries to dispense with the probate of the will, and I express no opinion thereon.

RUDOLPH, J. I concur in the result reached in the majority opinion only because I agree that the petitioners have not pursued their proper remedy. I do not agree with that portion of the opinion stating that the agreement therein set out nullifies the will.