HAUGEN, et al, Appellants, v. PETERSON, et al, Respondents.

(260 N. W. 826.)

(File No. 7746. Opinion filed May 20, 1935.)

*Danforth & Davenport,* of Sioux Falls, for Appellants.
*Everett A. Bogue,* of Parker, for Respondents.

CAMPBELL, J. This is a further proceeding in a matter which has been three times previously before this court. See Haugen v. Larson (1932) 60 S. D. 438, 244 N. W. 654; Mee v. Circuit Court (1933) 61 S. D. 240, 248 N. W. 198; In re Vasgaard's Estate (Peterson v. Haugen) (1934) 62 S. D. 421, 253 N. W. 453. In the opinion last cited, all material facts are fully set out, and reference is thereto made for a statement of all facts essential to a complete understanding of the situation.

The personal property left by the decedent, Endre J. Vasgaard, was in the physical possession of the First National Bank of Centerville in Turner County, South Dakota. By its opinion in Peterson v. Haugen, last above cited, this court held that the will of Vasgaard should be admitted to probate pursuant to the application of Robert Peterson, the surviving executor named therein. The will was duly admitted to probate in the county court in Minnehaha county, but, because of the pendency of the appeal in Peterson v. Haugen, the executor was not permitted to qualify. Petition for rehearing in the appeal of Peterson v. Haugen was denied by this court on April 6, 1934, and on April 14, 1934, Peterson duly qualified in the county court as executor.

Meantime, however, on April 9, 1934, the present plaintiffs (who were the defendants in the case of Peterson v. Haugen and who constitute all the legatees, devisees, and heirs at law of Endre J. Vasgaard and who are all sui juris) instituted the present action in the circuit court of Turner county, S. D. Plaintiffs in their complaint plead the facts relating to the will of Endre J. Vasgaard; his death; the contract of family settlement as set out verbatim in Peterson v. Haugen, supra; the admission of the will to probate in the county court of Minnehaha county, S. D.; the physical possession of the personal property left by decedent in defendant bank; that defendant Peterson is about to qualify as executor and take over or demand said personal property; and pray for relief as follows: "Wherefore, the Plaintiffs pray Judgment against the Defendant Peterson that he be perpetually restrained and enjoined by the Court from taking possession of the property referred to in the Complaint and from making any claim thereto adverse to

the Plaintiffs herein; that a temporary injunction issue in this proceeding restraining and enjoining said Defendant Peterson from taking possession of said property or making any claim thereto during the pendency of this proceedings and that the Defendant Bank be likewise restrained and enjoined during the pendency of this proceedings from in any manner delivering any of said property to the Defendant Peterson and that upon the determination of this proceedings, it be adjudged and decreed that all of said property is the property of the Plaintiffs herein and that the Defendant Bank be directed to deliver over to the plaintiffs herein any and all of the property that it may have in its custody or possession referred to in this proceedings and that the Plaintiffs herein have such other and further relief as the Court may deem just and equitable in the premises, and for their costs and disbursements herein."

To this complaint, the defendants demurred upon the grounds that the same did not state facts sufficient to constitute a cause of action and that the circuit court had no jurisdiction. From an order sustaining such demurrer plaintiffs have now appealed.

By the Constitution of this state (article 5, § 20), the county courts "have original jurisdiction in all matters of probate * * * and settlement of estates of deceased persons. * * *" Admittedly, Endre J. Vasgaard is a deceased person who resided, at the time of his death, in Minnehaha county, S. D., and left an estate legally though not physically in said county consisting of personal property of the estimated value of $59,000. We think it is the contemplation of our law that whatever steps or proceedings may be appropriate or requisite to the orderly settlement of said estate shall be taken in and by the county court of Minnehaha county if and when the constitutional jurisdiction of such court is invoked in due form by any person lawfully entitled so to do. Incidentally, we may repeat what was said in Peterson v. Haugen, namely, that though the Vasgaard heirs are apparently seeking at this time entirely to avoid the jurisdiction of the county court of Minnehaha county, nevertheless their original contract of family settlement did not so contemplate and they did not contract or agree one with another to avoid or fail to invoke the jurisdiction of said county court, but in fact contracted and agreed that one of their number should be appointed administrator of said estate by said county

court and "that a decree of distribution be entered herein in said proceedings by this court * * * and that the court in accordance with this stipulation, contract and agreement * * * upon final distribution of said estate, is entitled and empowered by this contract, stipulation and agreement to enter a decree in conformity with this contract." Be that as it may, this court held in Peterson v. Haugen that the executor named in the last will of a decedent is entitled to invoke the jurisdiction of the county court for the probate of said estate regardless of any agreement between the heirs to the contrary; the executor being no party to such agreement. The constitutional jurisdiction of the county court having been lawfully invoked by one entitled so to do, we think our law contemplates and orderly procedure requires that the county court continue and take such steps as may be requisite under the circumstances for the settlement of the Vasgaard estate, and we do not think the contract or agreement entered into by the heirs in this case constitutes any ground or justification for circuit court interference with said county court in the exercise of its proper functions within the limits of such jurisdiction thus properly invoked.

The order appealed from is therefore affirmed.

ROBERTS and RUDOLPH, JJ., concur.

WARREN, P. J., dissents.

POLLEY, J., absent and not participating.