KNODELL et al., Respondents v. NELSON, Appellant

(71 N.W. 2d 737)

(File No. 9486. Opinion filed August 29, 1955)

**Claude Maule**, Winner, for Roscoe Knodell.

**Fred D. Shandorf**, Mitchell, for Father Flanagan's Boys Home, Trinity Episcopal Church of Winner, S. D., Methodist

Episcopal Church of Winner, S. D., and Methodist State Hospital, Plaintiffs and Respondents.

**G. F. Johnson,** Gregory, for Defendant and Appellant.

SICKEL, J. The plaintiffs in this action are Roscoe Knodell, executor of the estate of Carl Nelson, deceased; Father Flanagan's Boys Home, a corporation; Trinity Episcopal Church of Winner, South Dakota, a religious organization; Methodist Episcopal Church of Winner, South Dakota, a religious corporation; and the Methodist State Hospital, a corporation, who are residuary devisees and legatees under the Will of Carl Nelson, deceased. Leila M. Nelson defendant, is the widow of decedent and the principal beneficiary under the Will. The purpose of this action is stated in the complaint as follows:

"1. That the Court hear, try, determine, declare and decree the rights, status, legal relations, duties and responsibilities of the defendant toward the plaintiff remaindermen, and decree and declare the manner and method that the personal property in said estate which was decreed to the remaindermen, by the Will, shall be handled; and how said ranching business shall be conducted; and what accounting shall be made by the defendant to the plaintiff remaindermen, and to direct the executor as to the manner and method of administration of said estate; and the method and manner of accounting for the personal property belonging to said estate.

"2. That the Court interpret and construe said Will, and decree and declare the rights, duties, responsibilities, liabilities, interests and estate of the defendant and the plaintiff remaindermen.

"3. That the Court appoint a trustee or conservator of said estate; and that such trustee or conservator be required to furnish bond for the faithful discharge of the duties of such trustee or conservator.

"4. That the defendant be enjoined and restrained from selling, mortgaging, disposing of, or dissipating any of the personal property of said estate, in which the plaintiff remaindermen have any right, title or interest; * * *".

The complaint alleges the execution of the Will of decedent and the probate thereof in the county court, the appointment of the executor and the interests of the several residuary legatees in the estate and the character and value of the property involved. The plaintiffs further allege that defendant threatens to dissipate and dispose of the property of the estate in violation of the rights of the remaindermen and to thereby deprive them of their rights under the Will. Plaintiffs ask that the circuit court determine the rights and responsibilities of the parties, and direct the administrative procedure in the county court for an accounting and appointment of a conservator or trustee for the property of the estate and also enjoin the defendant from interfering in the administration of the estate.

The decision of the circuit court determines what property belongs to the estate under the Will and describes the property of the decedent, real and personal. It fixes the liability of defendant for inheritance taxes and costs of administration. It also decides that the remaindermen are the owners of nine and a half sections of land belonging to the estate, subject to the life estate of the widow therein; that the remaindermen are entitled to a decree of distribution to them of all money in the trust fund created by the sale of livestock (now in the hands of the executor) and other property which shall remain in said trust fund at the time of the death of defendant. The decree also provides that the attorneys for both parties in this action are entitled to attorneys' fees and expenses of this action to be paid by the executor and the amount thereof was fixed by the court in a separate order. The judgment of the circuit court also provides that the defendant by her actions and conduct has evidenced a decision on her part to discontinue the operation of the Carl Nelson ranch and livestock business, and that the livestock and ranch equipment should be sold by the executor and the proceeds thereof, less expense of sale, should be paid into the trust fund and such trust fund be invested in good securities, and the income therefrom only to be paid out to the defendant under order of the court and on showing by the defendant of the necessity of such payment.

The decree of the circuit court indicates an attempt to

determine all of the imaginable questions that could arise in the regular course of administration in the county court. The first question that presents itself to this court is that of the jurisdiction of the circuit court in probate matters.

Article V, § 20, of our state constitution provides that: "County courts shall be courts of record and shall have original jurisdiction in all matters of probate * * *".

Article V, § 14, of the constitution provides: "The circuit courts shall have original jurisdiction of all actions and causes, both at law and in equity * * *".

■ It is a well-established rule in this state that the equity jurisdiction of the circuit court extends to matters of probate, but that such jurisdiction will be exercised only in special cases. Welsh v. Krause, 38 S.D. 264, 161 N.W. 189; Jacquish v. Deming, 40 S.D. 265, 167 N.W. 157; Howe v. Larson, 68 S.D. 203, 299 N.W. 876; Doling v. Hyde County, 70 S.D. 339, 17 N.W. 2d 693; Newton v. Erickson, 73 S.D. 228, 41 N.W.2d 545; Lass v. Erickson, 74 S.D. 503, 54 N.W.2d 741.

In the case of Howe v. Larson, supra [68 S.D. 203, 299 N.W. 877], This court said: "When a court of competent jurisdiction undertakes to deal with the subject matter of a case its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere".

■ Probate proceedings are now pending in the county court. The county court has been granted by law all of the authority necessary for complete administration of this estate. No special or exceptional circumstances which could justify the interference of the circuit court with the county court in the regular course of administration in the county court have been shown.

■ Plaintiffs call attention to the fact that the land belonging to the Nelson estate and the cattle in which defendant has a life estate, remain in the possession of defendant. The executor has the right to possession of all the property of the estate, SDC 35.1101, and to maintain actions for the recovery of possession of such property, SDC Supp. 35.1102. If it were shown by the evidence in this case that

such a demand for possession had been made and the possession had been refused by the defendant, the power of the circuit court to enforce the executor's right to possession of estate property would be available. There is no evidence to show that the executor has ever demanded, or undertaken to obtain possession of the assets of the estate now in the possession of defendant, or that his rights in that respect have ever been denied by the defendant.

■ ■ Respondents rely upon the Uniform Declaratory Judgments Law, SDC 37.01, in support of their contention that the circuit court had jurisdiction in this case. That statute cannot and does not purport to confer upon the circuit court jurisdiction which it does not possess under the constitution.

The judgment of the circuit court is reversed with directions to dismiss the action for lack of jurisdiction in the circuit court.

RUDOLPH, P. J., and ROBERTS and RENTTO, JJ., concur.

SMITH, J., concurs in the reversal.