SPITZER et al., Respondents v. SPITZER et al., Appellants

(168 N.W.2d 718)

(File Nos. 10612, 10613. Opinion filed June 12, 1969)

**Raymond Hieb,** Ipswich, for plaintiffs and respondents.

**Paul O. Kretschmar,** Eureka, for defendant and appellant Samuel Spitzer.

FOSHEIM, Circuit Judge.

This appeal relates to 560 acres in McPherson County, South Dakota. On December 5, 1952, Jacob J. Spitzer and his wife, Elizabetha, executed a warranty deed purporting to convey this land to their two sons, Boas and Samuel. Jacob was the owner of the property. This instrument contained the following provision:

> "Upon the death of both the grantors herein named this deed shall be delivered to the grantees herein named, upon paying to the grantors daughters the sums hereinafter set opposite their respective names:
>
> > To Erna Fauth the sum of $500.00
> >
> > To Ruth Schmitt the sum of $500.00
> >
> > To Naome Opp the sum of $500.00
> >
> > To Edna Opp the sum of $500.00, each of the grantees named paying one-half of the above amounts stated."

Jacob J. Spitzer died intestate on December 10, 1959. Shortly after his funeral the mother requested Boas and Samuel to meet with her at decedent's home in Long Lake, South Dakota. They there examined some papers which were in a bedroom dresser drawer, among which was this deed contained in an envelope. On the envelope the following notation appears in decedent's handwriting: "Put this on Record—Mother & Boys." Neither of the sons had prior knowledge of the deed. On the same day Mrs. Spitzer and the two sons placed the deed in a safety deposit box at the Leola State Bank in the name of all

three. Boas Spitzer farmed most of the land prior to his father's death and continued to do so thereafter. He paid the taxes, maintained the fences, and delivered a share of the crop to his mother. This arrangement continued until the summer of 1966 when Boas attempted to buy the land from his mother. It was then discovered that record title to the land remained vested in Jacob J. Spitzer. Thereafter the deed was removed from the bank by the grantees and filed for record in the office of the Register of Deeds of McPherson County on July 26, 1966. Plaintiffs then brought this action to set aside the deed and quiet title to the land. The trial court determined the deed invalid, but declined to quiet title on the grounds that determining heirship is the function of the county court. The defendant, Samuel Spitzer, appeals from that part of the decision and judgment which nullifies the deed. Plaintiffs appeal from that part of the decision which fails to determine heirship and quiet title. By stipulation the appeals were combined.

 A deed, to become effective, must be delivered by the grantor during his lifetime. If it is executed only for delivery after the grantor's death, it is testamentary notwithstanding it is denominated a deed, and is valid only when executed in the form and manner provided by law for the execution of a last will and testament. McGillivray v. Wipf, 64 S.D. 367, 266 N.W. 724. And if not properly executed as a will it does not even create a trust in favor of the grantee. Trumbauer v. Rust, 36 S.D. 301, 154 N.W. 801, 11 A.L.R. 10; O'Gorman v. Jolley, 34 S.D. 26, 147 N.W. 78. A deed duly executed is presumed to have been delivered at its date, SDC 51.1304, and when produced by the grantee the burden of proving nondelivery is upon the party claiming it was not delivered. Ansted v. Grieve, 57 S.D. 215, 231 N.W. 912; Wolf v. Wolf, 59 S.D. 418, 240 N.W. 349; Merkamp v. Niles, 62 S.D. 241, 252 N.W. 636; Huber v. Backus, 79 S.D. 342, 112 N.W.2d 238. This presumption is not overcome because the deed was recorded after the death of the grantor. McGillivray v. Wipf, supra. Whether there was a delivery is a question of intent to be gathered primarily from the language of the writing. Trumbauer v. Rust, supra. However, a recital in a deed as to delivery is not in itself controlling, McGillivray v.

Wipf, supra, and all the facts and circumstances surrounding the transaction must be considered. McKenzie v. Birkholtz, 74 S.D. 173, 50 N.W.2d 95; Senechal v. Senechal, 79 S.D. 416, 112 N.W.2d 618.

■ ■ Turning to the facts in this case we find the deed was retained by grantors and found among the papers of Jacob J. Spitzer after his death. This constitutes strong evidence of non-delivery. Kelly v. Gram, 73 S.D. 11, 38 N.W.2d 460. Neither grantee had prior knowledge that the purported deed existed.[*] The evidence does not establish a delivery in escrow, SDC 51.1306, or a constructive delivery, SDC 51.1307. After Jacob's death, Mrs. Elizabetha Spitzer continued to receive rentals from the land. All these facts and circumstances are consistent with and confirm the recital in the deed. It apparently was intended to mean precisely what it said, namely, that there was to be no delivery of the instrument during the lifetime of Jacob J. Spitzer, and none thereafter until the death of Elizabetha Spitzer and payment of the amounts therein provided. It thus passed no present interest or right. We are unable to say the evidence clearly preponderates against the trial court's finding of non-delivery of the deed. Kenobbie v. Krause et al., 67 S.D. 574, 295 N.W. 646.

■ The defendant Samuel Spitzer contends Boas Spitzer and Elizabetha Spitzer are estopped to question the validity of the deed because by virtue of it, they have been receiving the fruits from the land. The essential element of the doctrine of equitable estoppel is fraud. There must be some intended deception in the conduct or declaration of the party to be estopped or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury. Kraft v. Corson County, 71 S.D. 382, 24 N.W.2d 643; Brant v. Virginia Coal and Iron Co., 93 U.S. 326, 23 L.Ed. 927. Samuel Spitzer's knowledge concerning the purported deed was equal with that of his mother and brother. So also was his right of access to the instrument in the safety deposit box. It appears all

---

[*] For related cases see 87 A.L.R.2d beginning on page 804.

three were understandably puzzled as to its true nature. No legal advice was sought until the summer of 1966 when Samuel and Boas together contacted an attorney. There is no evidence of fraud, either actual or constructive. Fraud is never presumed or lightly inferred and the burden of establishing fraud rests on the party who seeks to rely on it for affirmative relief or as a defense to action. Northwest Realty Company v. Colling & Jesse, 82 S.D. 421, 147 N.W.2d 675.

 Having decided the deed was invalid, should the circuit court have proceeded to quiet title to the land in the heirs of Jacob J. Spitzer? Our Constitution (Art. V, § 14) gives the circuit court original jurisdiction of all actions and causes, both at law and in equity. It was thus intended to confer on circuit courts in the exercise of their equity powers the same jurisdiction over probate proceedings that was possessed by the federal courts at that time. Welsh v. Krause, 38 S.D. 264, 161 N.W. 189. The Constitution (Art. V, § 20) also vests county courts with original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons. The early case of Trotter v. Mutual Reserve Fund Life Ass'n, 9 S.D. 596, 70 N.W. 843, concluded such constitutional provisions gave the county court original, but not exclusive jurisdiction, concurrent with the equity jurisdiction of circuit court in matters of administering the estates of deceased persons. Throughout the years this interpretation has been cited or quoted with approval. State v. Nieuwenhuis, 49 S.D. 181, 207 N.W. 77; Howe v. Larson, 68 S.D. 203, 299 N.W. 876; Lass v. Erickson, 74 S.D. 503, 54 N.W.2d 741.

 It is, however, well established that the circuit court will not exercise its equity jurisdiction to administer the estate of a decedent unless exceptional circumstances indicate the county court is unable to afford adequate relief. Howe v. Larson, supra; Knodell v. Nelson, 76 S.D. 43, 71 N.W.2d 737. Such special cases include those involving fraud, waste or a great lapse of time since the death of decedent, Welsh v. Krause, supra; claims of third persons to estate property, Ward v. Du Pree, 16 S.D. 500, 94 N.W. 397; accounting for assets in the possession

of an heir, Jacquish v. Deming, 40 S.D. 265, 167 N.W. 157; recovery of property held by an administrator, Song v. Song, 64 S.D. 555, 268 N.W. 905 and quiet title actions in which the right of redemption from a tax sale is involved and is dependent on heirship, Doling v. Hyde County, 70 S.D. 339, 17 N.W.2d 693. For decisions finding a lack of special circumstances to justify administration by the circuit court, see Knodell v. Nelson, supra; Newton v. Erickson, 73 S.D. 228, 41 N.W.2d 545; Lass v. Erickson, supra; Haugen v. Peterson, 63 S.D. 492, 260 N.W. 826; Howe v. Larson, supra; Welsh v. Krause, 38 S.D. 264, 161 N.W. 189.

The unlimited equity jurisdiction of circuit court in probate matters stands firm. The propriety of using it is flexible. While an improper assumption of that power may constitute an abuse, the proceedings in circuit court would not be void and subject to collateral attack for want of jurisdiction. In Newton v. Erickson, supra, and Welsh v. Krause, supra, language is used which seemingly limits the circuit court's jurisdiction rather than its exercise, and to that extent such decisions are expressly overruled.

It appears from the Memorandum Opinion that the language in Lass v. Erickson, supra, was taken by the trial court as persuasive authority to revert the cause to county court after disposing of the equity issue. We find the facts in that case distinguishable. In Erickson, there was an appointed, qualified and acting administrator. The probate proceedings were suspended pending a determination in circuit court of the equitable issue as to whether there was a contract to make a will. The administrator had also commenced an action to recover funds in a bank in the form of certificates of deposit and a checking account. Some of the heirs at law of decedent were not parties to the action. When the circuit court decided no contract to make a will existed, orderly procedure required that the county court continue with a settlement of the estate, Haugen v. Peterson, 63 S.D. 492, 260 N.W. 826, under the well-settled principle that when a court of competent jurisdiction undertakes to deal with the subject matter of a case its authority continues,

subject only to appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere. Howe v. Larson, 68 S.D. 203, 299 N.W. 876; Knodell v. Nelson, 76 S.D. 43, 71 N.W.2d 737.

■ No probate of the Jacob J. Spitzer estate has been commenced. However, his unknown creditors are named as defendants and were served by publication in this action. His widow and children are all parties thereto. The State inheritance tax obligations have been resolved. Almost a decade has elapsed since the death of decedent. The validity of the purported deed was a special circumstance which necessitated invoking the equity powers of circuit court. A probate of the Jacob J. Spitzer estate in county court would not afford the speedy and adequate remedy required. Doling v. Hyde County, 70 S.D. 339, 17 N.W.2d 693. The trial court should have proceeded to determine the heirs at law of decedent and all adverse claims to the real estate pursuant to SDC 1960 Supp. 37.1508. The judgment declaring the deed null and void is affirmed; the cause is remanded for the determination of heirship and title in conformity with this opinion.

FOSHEIM, Circuit Judge, sitting for HOMEYER, J., disqualified.

BIEGELMEIER, P. J., and ROBERTS, RENTTO and HANSON, JJ., concur.