#28338-a-GAS
**2018 S.D. 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

In the Matter of the DENNIS SNAZA FAMILY TRUST.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON S. FLEMMER
Judge

* * * *

GREGORY P. GRAJCZYK
Milbank, South Dakota

Attorney for petitioner and
appellant Wayne Snaza,
individually and as trustee.

GORDON P. NIELSEN
DAVID A. GEYER of
Delaney, Nielsen & Sannes P.C.
Sisseton, South Dakota

Attorneys for respondents and
appellees Ronald Snaza & Ann
Perrell.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2018
OPINION FILED **03/14/18**

#28338

SEVERSON, Justice

[¶1.] Wayne Snaza gave notice of his intent to exercise his rights under an option agreement to purchase all the real property held by the Dennis Snaza Family Trust, which was under court supervision at the time. Ronald Snaza and Ann Perrell, as beneficiaries of the Trust, objected to Wayne's claimed rights to the property, arguing the option agreement was invalid. After a hearing, the circuit court ruled that the option agreement was void because it could not survive the contemporaneous execution of deeds to the same real property. The circuit court also ruled that even if the option agreement was valid, Wayne waived his rights when the real property was transferred to the Trust. The circuit court ordered that Wayne, as trustee of the Trust, distribute the net income and residue of the principle of the Trust to the beneficiaries upon completion of its term. Wayne appeals the circuit court's order. We affirm.

**Background**

[¶2.] On March 25, 2008, Anthony and Bernice Snaza executed a quitclaim deed that transferred specific property they owned in Day County, South Dakota, to their son Dennis Snaza. That same day, Anthony and Bernice executed an option agreement in favor of their sons Dennis and Wayne Snaza that involved the same real property described in the deed. The option agreement provided that Dennis or Wayne could elect to purchase the real property described in the agreement by tendering notice of their election within 120 days after the death of Anthony. The right to exercise the option was conditioned upon Dennis or Wayne being actively engaged in farming.

-1-

[¶3.] On April 28, 2008, Dennis and Wayne signed the option agreement. However, Dennis passed away shortly thereafter. On March 29, 2010, Wayne executed a stipulation agreement that stated in part:

> I . . . assign, set over and transfer all of my right, title and interest in and under the Estate of Dennis James Snaza. . . . By this instrument, I authorize and direct the Personal Representative of the Estate of Dennis James Snaza to distribute my interest to the Dennis Snaza Family Trust, Anthony P. Snaza, Trustee.

On April 26, 2010, Anthony and Bernice recorded the quitclaim deed that previously conveyed the property to Dennis. Anthony then recorded a personal representative's deed on August 18, 2010, that transferred the property held by Dennis's estate to the Dennis Snaza Family Trust. On November 5, 2013, Wayne recorded the option agreement.

[¶4.] Anthony and Bernice were the primary beneficiaries of the Trust. Ronald Stanza, Ann Perrell, and Wayne were secondary beneficiaries. Ronald and Ann petitioned the circuit court to assume supervision over the Trust following the death of Anthony and Bernice. By stipulation of the beneficiaries, the circuit court assumed supervision over the Trust on October 28, 2016.

[¶5.] On November 30, 2016, Wayne filed notice with the circuit court of his election to exercise his option to purchase the real property held by the Trust. Ronald and Ann objected, claiming the option agreement was void. Wayne filed a motion in the circuit court on June 12, 2017, to confirm the sale pursuant to the terms of the option agreement. After a subsequent hearing on the motion, the circuit court concluded that the option agreement could not defeat Anthony and Bernice's quitclaim deed to Dennis because the deed was presumed to pass fee

simple title to the property, and it did not appear from the deed that a lesser estate was intended. The circuit court also found that there was no indication a lesser estate was intended in the personal representative's deed that transferred the property from Dennis's estate to the Trust. In the alternative, the circuit court stated that Wayne waived any rights he had in the property by executing the stipulation agreement on March 28, 2010. Finally, the circuit court ordered Wayne, as trustee, to distribute the net income and the residue of the principal in the Trust upon the completion of the Trust's term.

[¶6.]     Wayne appeals the circuit court's ruling, raising the following consolidated issues:

> 1.     Whether the circuit court erred when it ruled the option agreement invalid.
>
> 2.     Whether the circuit court erred when it ordered Wayne to distribute the Trust's corpus.

## Analysis

[¶7.]     *1.     Whether the circuit court erred when it ruled the option agreement invalid.*

[¶8.]     "An option to purchase real property may be defined as a contract by which an owner of real property agrees with another person that the latter shall have the privilege of buying the property at a specified price within a specified time, or within a reasonable time." *Laska v. Barr*, 2016 S.D. 13, ¶ 6, 876 N.W.2d 50, 53 (quoting *Ziegler Furniture & Funeral Home, Inc. v. Cicmanec*, 2006 S.D. 6, ¶ 17, 709 N.W.2d 350, 355). We interpret contracts as a question of law under the de novo standard of review. *Id.* ¶ 5, 876 N.W.2d at 52. "Because we can review the contract as easily as the trial court, there is no presumption in favor of the trial court's

determination." *LaMore Rest. Group, LLC v. Akers*, 2008 S.D. 32, ¶ 12, 748 N.W.2d 756, 761 (quoting *Vander Heide v. Boke Ranch, Inc.*, 2007 S.D. 69, ¶ 17, 736 N.W.2d 824, 831-32).

[¶9.]     The construction of a deed is also a question of law. *Chicoine v. Davis*, 2017 S.D. 62, ¶ 4, 903 N.W.2d 544, 547. "We examine the instrument as a whole to determine what type of conveyance was intended." *Id.* (quoting *Swaby v. N. Hills Reg'l R.R. Auth.*, 2009 S.D. 57, ¶ 22, 769 N.W.2d 798, 808). "If the language of a deed leaves doubt on the intention of the parties, we will consider all the attendant circumstances existing at the time of execution." *Id.* (quoting *Swaby*, 2009 S.D. 57, ¶ 22, 69 N.W.2d at 808). However, when the question is whether a deed was delivered, we review a circuit court's finding of fact and the application of law to those facts under the clearly erroneous standard. *Stockwell v. Stockwell*, 2010 S.D. 79, ¶ 20, 790 N.W.2d 52, 60. "We review findings of fact for clear error and conclusions of law de novo." *Tri-City Assocs., L.P. v. Belmont, Inc.*, 2014 S.D. 23, ¶ 19, 845 N.W.2d 911, 916.

[¶10.]     Wayne contends the circuit court erred in holding the option agreement invalid because Anthony and Bernice's intent was to have the option rights attach to the land so that any subsequent transfer of the real property would be subject to the rights of the option holders. Wayne argues that the option agreement and the quitclaim deed that transferred the property to Dennis must be construed together as an integrated contract. In construing the two together, Wayne alleges his option to purchase the property attached to the property through the two subsequent transfers. We disagree.

[¶11.] Upon review of the record, the crux of this appeal rests on the property rights Anthony and Bernice possessed at the execution of both the quitclaim deed and the option agreement on March 25, 2008; thus, we begin our analysis with the document purporting to convey the totality of the couple's real property interest. Pursuant to South Dakota law, the grant of a quitclaim deed establishes implied covenants between the grantor and the grantee, his heirs, or assigns that

> previous to the time of the execution of such conveyance the grantor has not conveyed the same estate or any right, title, or interest therein to any person other than the grantee; and . . . such estate is at the time of the execution of such conveyance free from encumbrances made, done, or suffered by the grantor.

SDCL 43-25-11. As a result, "[a] fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended." SDCL 43-25-15. We find no such intent to convey a lesser estate in the quitclaim deed to Dennis, as the deed stated that Anthony and Bernice "convey and quit claim to Dennis Snaza . . . all of their right, title and interest in and to the following described real estate." Therefore, a presumption exists that Dennis was granted absolute ownership of the real property conveyed by the quitclaim deed.

[¶12.] Nonetheless, before a deed can become effective, the grantor must deliver the deed during his lifetime. *Spitzer v. Spitzer*, 84 S.D. 147, 151, 168 N.W.2d 718, 720 (S.D. 1969). "Whether a deed has been delivered is a question of intent to be found from all the facts surrounding the transaction." *Hanifin v. Marsden*, 297 N.W.2d 172, 173 (S.D. 1980). However, "[t]he fact that a deed has been duly executed, acknowledged, and recorded is prima facie evidence of its delivery." *Id.* (quoting *Huber v. Backus*, 79 S.D. 342, 346, 112 N.W.2d 238, 240 (S.D. 1961)); *see also* SDCL 43-4-7 ("A grant duly executed is presumed to have been

delivered at its date.").[1] Here, evidence exists on the face of the quitclaim deed that it was executed, acknowledged, and recorded; thus, we presume the deed was delivered. Wayne did not contest the issues of recording or delivery.

[¶13.] Once the presumptions are established, the burden is on the party claiming that the deed conveyed a lesser estate and that the deed was not delivered to overcome the presumptions. *See Stockwell*, 2010 S.D. 79, ¶ 21, 790 N.W.2d at 60. "A presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast." *Id.* (quoting *In re Estate of Gustafson*, 2007 S.D. 46, ¶ 11, 731 N.W.2d 922, 926); *see also* SDCL 19-19-301. "When substantial, credible evidence has been introduced to rebut the presumption, it shall disappear from the action or proceeding." *Id.* (quoting SDCL 19-11-1).

[¶14.] In the present case, Wayne presented no evidence to rebut the presumptions. The circuit court stated in its findings of fact that Wayne "called no witnesses and introduced no evidence in support of [his] Motion to Confirm Sale Pursuant to Exercise of Option to Purchase Real Property, relying instead on argument of counsel and on the pleading that had been filed prior to [the] hearing." Contrarily, Ronald and Ann introduced into evidence the quitclaim deed, personal representative's deed, option agreement, and Wayne's stipulation agreement.

---

1. South Dakota Title Standard 6-01 also evinces the presumption of delivery, stating that "[d]elivery of an instrument, acknowledged and recorded, is presumed. Delay in recordation . . . does not dispel the presumption."

[¶15.]    Moreover, Wayne failed to establish the validity of the option agreement. The ownership of property in South Dakota can be either absolute or qualified. SDCL 43-2-4. "The ownership of property is absolute when a single person has the absolute dominion over it, and may use it or dispose of it according to his pleasure, subject only to general laws." SDCL 43-2-5. "The ownership of property is qualified: (1) When it is shared with one or more persons; (2) When the time of enjoyment is deferred or limited; or (3) When the use is restricted." SDCL 43-2-6. In order to show that Dennis's ownership was qualified, Wayne had the ultimate burden of proving the option agreement was valid. To do so, Wayne had to prove the option agreement was delivered to him before the purported conveyance in order for it to have effect. *See* SDCL 53-7-8 ("A contract in writing takes effect upon its intended delivery for effect to the party in whose favor it is made or to his agent."). Wayne presented no evidence or testimony as to the validity or delivery of the option agreement. The only evidence of delivery of the option agreement was when Wayne signed it in April 2008, a month after the property was conveyed to Dennis.[2]

[¶16.]    Therefore, Wayne had the burden of going forward with evidence to overcome the presumptions established by law. Other than "mere assertions, implausible contentions, and frivolous avowals[,]" Wayne failed to produce any evidence to overcome these presumptions. *See In re Estate of Dimond*, 2008 S.D.

---

2.    Wayne argues that our holding in *Speck v. Anderson*, 318 N.W.2d 339 (S.D. 1982), governs the disposition of this case. However, *Speck* is distinguishable from the facts at hand because in *Speck*, the Court found the option agreement to be valid and thus exercisable on the property owned by the grantor's devisee. *Id.* at 344.

131, ¶ 9, 759 N.W.2d 534, 538. We cannot say the circuit court erred in finding that the option agreement was void because Anthony and Bernice had already conveyed the property to Dennis. Wayne's other arguments are premised on the circuit court's finding that he waived his option rights, but because Wayne had no interest in the property due to its previous transfer, there is no need to address them.

[¶17.]    2.    *Whether the circuit court erred when it ordered Wayne to distribute the Trust's corpus.*

[¶18.]    The circuit court, in its conclusions of law regarding the option issue, stated as follows:

> That the Trustee should, upon the completion of the term of the Dennis Snaza Family Trust, distribute the net income and the residue of the principal including the real property of the Trust that is the subject matter of these proceedings equally and as tenants in common to the secondary beneficiaries of the Trust, namely, Wayne Snaza, Ann Marie Perell and Ronald Snaza.

Wayne, as trustee, argues that the circuit court deprived him of due process by usurping his discretion when it ordered that the Trust's corpus be distributed. We disagree.

[¶19.]    We review a claim alleging a due-process violation de novo. *Daily v. City of Sioux Falls*, 2011 S.D. 48, ¶ 11, 802 N.W.2d 905, 910. "To establish a procedural due process violation, a plaintiff must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Osloond v. Farrier*, 2003 S.D. 28, ¶ 16, 659 N.W.2d 20, 24 (per curiam) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999)). "First, the property interest must be derived from a source independent from the Constitution. Second, the individual must have been deprived of this right by a state actor." *Id.* (citations omitted).

[¶20.]     Even if we assume Wayne has a protected property interest in the Trust, the record does not indicate he was deprived of anything by the circuit court's conclusion that he should distribute the Trust's property.  The term of the Trust is for the length of the lives of Anthony and Bernice, plus one year.  At the time of the court's ruling, the Trust was approaching its completion.  At the conclusion of the Trust's term, Wayne was already directed by the Trust to "distribute the net income and residue of the principal of the trust from the trust estate to the secondary beneficiaries."  For the circuit court to conclude the same is not a deprivation of a right.  Wayne also does not establish in his brief to this Court what discretion the circuit court is usurping.  As just mentioned, upon completion of the Trust's term, no discretion lies in the hands of Wayne as trustee.  We conclude Wayne's due process rights were not violated.

[¶21.]     Wayne also contends that the circuit court, in concluding that the Trust should be distributed, granted relief that was not requested by the parties.  However, Wayne stipulated to court supervision of the Trust.  Within the petition for supervision, Ronald and Ann asked the circuit court for any relief the court deemed proper.  Wayne also gave the circuit court discretion in granting relief that it deemed necessary in his motion that kindled this appeal.  The circuit court granted the relief that was proper after ruling in favor of Ronald and Ann that the option contract was void.  See SDCL 15-6-54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.").  A circuit court's decision concerning an equitable remedy is reviewed for an abuse of discretion.  *Ziegler*,

2006 S.D. 6, ¶ 14, 709 N.W.2d at 354. As such, the record indicates that the circuit court did not abuse its discretion in concluding the Trust should be distributed.

**Conclusion**

[¶22.] The circuit court did not err in finding the option agreement invalid, as Wayne presented no evidence to rebut the presumption that the property was already conveyed before the option agreement became effective. By ordering Wayne to distribute the Trust at the conclusion of its term and in accordance with the Trust instrument, the circuit court did not violate Wayne's due-process rights or abuse its discretion. Therefore, we affirm the circuit court's order establishing that the option agreement was void and that the Trust's corpus be distributed.

[¶23.] GILBERTSON, Chief Justice, and ZINTER, KERN, and JENSEN, Justices, concur.