2003 SD 28

**Raymond OSLOOND and Mary Ellen Osloond, Plaintiffs and Appellants,**

v.

**Marie FARRIER, Defendant and Appellee.**

**No. 22312.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 2003.

Decided March 12, 2003.

Raymond Osloond and Mary Ellen Osloond, Pro se.

Jerry D. Johnson of Banks, Johnson, Colbath, Sumner & Kappelman, Rapid City, for defendant and appellee Marie Farrier.

PER CURIAM.

[¶ 1.] Ray Osloond and Mary Ellen Osloond (hereinafter Osloonds), pro se appellants, appeal the dismissal of their complaint for failure to state a claim upon which relief could be granted. We reverse.

### FACTS AND PROCEDURE

[¶ 2.] Osloonds caused to be served a summons and complaint upon Marie Farrier, Lawrence County Treasurer. Osloonds, who allege in their complaint that they are over age seventy, are property owners in Lawrence County, South Dakota. Farrier sent two notices to Osloonds indicating property taxes were past due for property owned in Lawrence County. The notices purport to divide the property into two parcels, the land only and the house only. The notices state that the land only property will be sold at a tax certificate sale if the delinquent taxes are not paid and that the house only property will be subject to a distress warrant and referred to the sheriff for collection if the delinquent taxes are not paid. The

amounts owed are indicated as $3,433.54 (land only) and $1,369.58 (house only), respectively.

[¶ 3.] In their complaint, Osloonds claim the property is absolutely exempt from forced sale and protected as a homestead and that Farrier violated their right to due process of law. The trial court dismissed Osloonds complaint pursuant to Rule 12(b)(5) on the basis that it failed to state a claim upon which relief may be granted. Osloonds appeal.

## STANDARD OF REVIEW

[¶ 4.] It is well settled that "[a] motion to dismiss under Rule 12(b)(5) tests the law of a plaintiff's claim, not the facts which support it." *Thompson v. Summers,* 1997 SD 103, ¶ 5, 567 N.W.2d 387, 390 (citing *Stumes v. Bloomberg,* 1996 SD 93, ¶ 6, 551 N.W.2d 590, 592; *Schlosser v. Norwest Bank South Dakota,* 506 N.W.2d 416, 418 (S.D.1993)). Under *Schlosser,* the trial court is:

> directed to consider the complaint's allegations and any exhibits which are attached. The court accepts the pleader's description of what happened along with any conclusions reasonably drawn therefrom. The motion may be directed to the whole complaint or only specified counts contained in it. . . . 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)]. The question is whether in the light most favorable to the plaintiff, and with doubt resolved in his or her behalf, the complaint states any valid claim of relief. The court must go beyond the

allegations for relief and 'examine the complaint to determine if the allegations provide for relief on any possible theory.' *Id.*

An appeal of a motion to dismiss presents a question of law and our standard of "review is de novo, with no deference given to the trial court's legal conclusions." *City of Colton v. Schwebach,* 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771.

## ANALYSIS

### ISSUE

[¶ 5.] **Whether the trial court erred in dismissing Osloonds various causes of action for failure to state a claim upon which relief could be granted.**

*A. Violation of Right to be Free From Forced Sale of Homestead.*

[¶ 6.] Osloonds' argue that any attempt to sell their property for delinquent taxes violates the homestead exemption existing in South Dakota law. Farrier responds by claiming that property taxes apply against the homestead and that Osloonds are mistaken in their claim that the homestead property is not subject to real estate tax. However, the issue is whether or not the homestead may be the subject of a forced sale for the past due amounts despite the fact taxes are owing.

[¶ 7.] At this stage of the litigation, the complaint and exhibits attached thereto reveal that Osloonds filed a declaration of homestead on land described as "Lot 5A of Lots 4 and 5, Lawrence County NW1/4 NE1/4" in 1994. Osloonds then received two notices in 2000 from Farrier, in her role as Lawrence County Treasurer, indicating:

1. *Lot 5A of Lots 4 & 5 NW1/4 NE1/4* has delinquent real property tax and that if not paid a tax certificate sale will be held.

2. *House only on Lot 5A of Lots 4 & 5 NW1/4 NE1/4* has delinquent building on leased site tax and that if not paid the treasurer will issue a distress warrant to the Sheriff for collection.

From this it appears that Farrier attempted to parcel the house from the remainder of the claimed homestead when issuing the deficiency notice. In the notice pertaining only to the land it is evident that a forced sale is threatened if the taxes remain unpaid. As to the house only notice, instead of a sale in the event the taxes remain unpaid, Osloonds were apprised of Farrier's intent to seek a distress warrant and eventual collection by the sheriff.[1]

[¶ 8.] South Dakota Constitution Article XXI § 4 provides:

The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

■ [¶ 9.] The homestead exemption carrying out the foregoing provision of the Constitution is found in SDCL ch. 43–31. "The purpose of the homestead exemption is, of course, to provide the security of a home to a family against the claims of creditors." *Speck v. Anderson*, 318 N.W.2d 339, 343 (S.D.1982). "There is no question but that this Court has over the years jealously and assiduously protected the homestead exemptions guaranteed by our constitution and statutes." *Id.*

[¶ 10.] SDCL 43–31–1 declares that:

The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided in this code, except that a creditor or lien holder of a mobile home classified as a homestead under § 43–31–2 prior to January 1, 1973 shall not be cut off or subject to a homestead exemption. In addition, the homestead of a person seventy years of age or older and the unremarried surviving spouse of such person, so long as it continues to possess the character of a homestead, is exempt from sale for taxes.

[¶ 11.] "The owner or husband and wife may select the homestead, and cause it to be marked off, platted, and recorded as provided in this code." SDCL 43–31–6. That description "shall be recorded by the register of deeds in the homestead book." SDCL 43–31–8. A homestead "may contain one or more lots or tracts of land with the buildings thereon and other appurtenances, subject to the limitations contained in [SDCL ch. 43–31]." SDCL 43–31–3. In addition, if there is a dispute as to the extent of the claimed homestead a determination by the circuit court is authorized. SDCL 43–31–12.

[¶ 12.] It is clear from the record that Osloonds allege that the entire tract, indicated as being subject to sale, is homestead property. Attached to their complaint is a document purporting to place this claim of homestead on record with the county treasurer. The notices of default, however, separate that parcel from the house. Farrier relies on this separation to contend that no forced sale of the home-

---

1. SDCL 10–22–8 provides that a county treasurer may issue a distress warrant for delinquent taxes "against any person whose mobile home taxes are delinquent." It is not clear from the record if the Osloonds' claimed homestead in fact includes a mobile home.

stead is contemplated, arguing the sale language in the notice only relates to the land, not the house. However, it is not clear beyond all doubt that this separation is justified and a dispute certainly remains as to the extent of the homestead. This is not a matter resolved on these pleadings.[2]

[¶ 13.] Nevertheless, Farrier seizes upon the language of SDCL 43–31–29 to maintain that these taxes are collectable and that the homestead may be sold to pay the real estate taxes irrespective of how the homestead is defined. That statute provides:

> The homestead shall be liable for taxes accruing thereon, and if certified and recorded as hereinbefore directed, shall be liable only for such taxes, and may be sold to pay the same except as provided in § 10–23–7, 43–31–1, 43–45–3.

Significantly, as previously set forth, SDCL 43–31–1 indicates that "the homestead of a person seventy years of age or older and the unremarried surviving spouse of such person, so long as it continues to possess the character of a homestead, is *exempt from sale for taxes.*" In their complaint, Osloonds assert that they are both over age seventy. The provision of SDCL 43–31–1 is clear and unambiguous; a homestead is exempt from sale for taxes if it is a homestead of a person age seventy or older.

[¶ 14.] A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Osloonds complaint states a claimed violation of the homestead provisions at this early stage of the litigation. The dismissal for failure to state a claim was error as to this count.

### B. Due Process Violation

[¶ 15.] Osloonds claim that their right to due process of law was violated when Farrier, as a representative for Lawrence County, refused to assist them with making application for relief from taxes as provided by SDCL 43–31–33 and failed to follow the South Dakota homestead laws in seeking to collect past due taxes. In addition, Osloonds assert that the trial court violated their right to due process by granting the Rule 12(b)(5) motion.

[¶ 16.] "To establish a procedural due process violation, a plaintiff must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Hopkins v. Saunders,* 199 F.3d 968, 975 (8thCir.1999) (citation omitted). First, the property interest must be derived from a source independent from the Constitution. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972); *Hollander v. Douglas Co.,* 2000 SD 159, ¶ 14, 620 N.W.2d 181, 185. Second, the individual must have been deprived of this right by a state actor. *See DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249, 258 (1989). Property interests are granted by state law. *Wuest v. Winner School District,* 2000 SD 42, ¶ 27, 607 N.W.2d 912, 918 (quoting *Winegar v. Des Moines Indep. Com. School Dist.,* 20 F.3d 895, 899 (8thCir.1994)). *See also Hopkins,* 199 F.3d at 975 ("A property interest worthy of due process protection must be granted or defined by a source independent from the Constitution, such as state law.") (citing *Board of Regents v. Roth,* 408 U.S. 564,

---

**2.** In dismissing the complaint the trial court did not enter findings of fact or conclusions of law. Pursuant to SDCL 15–6–52(a) this was not required.

577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972)).

[¶ 17.] SDCL ch. 43–31 creates a protected interest in property, a homestead, subject to the terms and limitations of that chapter. As previously discussed, Osloonds claim Farrier has inappropriately attempted to sell the homestead in violation of SDCL 43–31–1. Additionally, SDCL 43–31–33 provides:

> Applications for a prohibition on the collections of real property taxes under §§ 43–31–31 to 43–31–41, inclusive, shall be made annually on or before May first on forms prescribed by the secretary of revenue. *Forms shall be made available to county treasurers who, shall, upon request of an applicant, assist the applicant in completing the forms.*

[¶ 18.] In their complaint, Osloonds allege that: "Despite numerous requests by Ray Osloond to speak with Ms. Farrier about these property taxes in question, the defendant has refused to speak with Mr. Osloond, much less provide assistance as required [by SDCL] 43–31–33." In her answer Farrier responds with a general denial.[3]

[¶ 19.] Fact allegations must be viewed in a light most favorable to the petitioner. *Stumes v. Bloomberg,* 1996 SD 93, ¶ 6, 551 N.W.2d 590, 592 (citations omitted); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1363, at 656 (1969). Viewing these pleadings in the light most favorable to the plaintiff and with doubt resolved on their behalf, as we are required to do, the complaint states a valid claim for relief for violation of due process of law.[4] The homestead provisions provide a positive source of authority granting specific rights and Osloonds assert that those rights have been ignored.

[¶ 20.] While we do not opine as to the merits of these claims it was error to dismiss the complaint at this early stage of the litigation. We have considered the remaining issues and find them to be without merit.

[¶ 21.] Reversed and remanded.

[¶ 22.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

3. Farrier also asserted the affirmative defenses of good faith or qualified immunity. Given the disposition of this case the trial court has not yet addressed these defenses.

4. Osloonds also maintain that the trial court's decision denied them due process of law. Due process requires adequate notice and an opportunity for meaningful participation. *Northwest South Dakota Prod. Credit Ass'n v. Dale,* 361 N.W.2d 275, 278 (S.D.1985). Osloonds were provided notice of the motion to dismiss and participated at the hearing on the motion. Osloonds do not contend they were not provided notice or given an opportunity to be heard and therefore this argument is without merit.